## STONEGA COKE & COAL CO. v. COMMISSIONER OF INTERNAL REVENUE.

## CENTRAL SUPPLY CO. v. SAME.

## VIRGINIA WHOLESALE CO. v. SAME.
### Nos. 4693, 4694, 4695.

Circuit Court of Appeals, Third Circuit.
April 9, 1932.

Joshua F. Bullitt, of Philadelphia, Pa., and J. F. Bullitt, Jr., of Big Stone Gap, Va., for petitioners.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and John H. McEvers, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and R. P. Hertzog, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before DAVIS, Circuit Judge, and DICKINSON and McVICAR, District Judges.

McVICAR, District Judge.

The petitioners, the Stonega Coke & Coal Company, Central Supply Company, and Virginia Wholesale Company, affiliated cor-

porations, for the year 1922 filed separate income tax returns. The Stonega Coke & Coal Company owned 99 per cent. of the stock of the other two corporations. On September 15, 1923, the Stonega Coke & Coal Company purchased all the stock of the Crab Orchard Company, a corporation. The four affiliated corporations filed a consolidated return for the year 1923, which showed a net income for the four corporations of $1,454,385.67 (after credit of a loss of $157,338.87 sustained by the Crab Orchard Company subsequent to September 15, 1923), with a tax of $181,770.74, which was paid. The Commissioner of Internal Revenue refused the application of the four affiliated corporations to make a consolidated return and assessed deficiencies against the Stonega Coke & Coal Company in the sum of $5,893.62, against the Central Supply Company in the sum of $3,927.67, and against the Virginia Wholesale Company in the sum of $7,491.19. Appeals were taken by each of said corporations to the United States Board of Tax Appeals which affirmed (four members dissenting) the determination of the Commissioner in each case. These three cases were consolidated and are before this court on petitions for review of the decisions of the Board of Tax Appeals.

The only question involved is whether the four affiliated corporations had the right to make a consolidated income tax return and have their taxes computed on that basis for the year 1923. This question was answered in the negative by the Commissioner of Internal Revenue and the Board of Tax Appeals.

The applicable statute is section 240 (a) of the Revenue Act of 1921 (42 Stat. 260), which reads: "That corporations which are affiliated within the meaning of this section may, for any taxable year beginning on or after January 1, 1922, make separate returns or, under regulations prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income for the purpose of this title, in which case the taxes thereunder shall be computed and determined upon the basis of such return. If return is made on either of such bases, all returns thereafter made shall be upon the same basis unless permission to change the basis is granted by the Commissioner."

■ Taxing acts, including statutes of limitation, are to be construed liberally in favor of the taxpayer. United States v. Up-

dike, 281 U. S. 489, 50 S. Ct. 367, 74 L. Ed. 984.

■ Under the provisions of the act of 1918, affiliated corporations were required to file consolidated returns and have their tax liabilities computed on that basis. It was the legislative intent, as expressed in the act of 1921, to change the then existing law by conferring on affiliated corporations in 1922, and to corporations which subsequently became affiliated, the right to make an election whether they would have their tax liability computed separately or together. It would follow, therefore, that, where a nonaffiliated corporation, in 1922, filed a separate return for that year, and in 1923 became affiliated with another corporation by the purchase of all of its stock, the affiliated corporations would have the right to make the election provided for in the act of 1921. It would seem to logically follow, where affiliated corporations filed separate returns in 1922, and a change was made in their business unit and status in 1923 by the acquisition of all of the stock of one or more additional corporations, that the new affiliated group would have the right.

"All laws are to be given a sensible construction; and a literal application of a statute, which would lead to absurd consequences, should be avoided whenever a reasonable application can be given to it, consistent with the legislative purpose." United States v. Katz, 271 U. S. 354, 357, 46 S. Ct. 513, 514, 70 L. Ed. 986. If it were held that an election by affiliated corporations was binding on a group of corporations constituting a business unit, which was subsequently augmented by the addition of two or more subsidiary corporations, such consequences might arise. One illustration will suffice. A and B are affiliated corporations; they elect to file separate returns. C and D are affiliated corporations; they elect to file a consolidated return. A subsequently acquires all the stock of C and D corporations. Will the election of A and B, or the election of C and D, control as to subsequent returns, or are all the corporations bound by their previous elections? Respondent contends that the election originally made of the parent or dominant corporation should control. This contention is not sustained by the act which confers the right of election upon all the affiliated corporations.

In the year 1922, the Stonega Coke & Coal Company, Central Supply Company, and Virginia Wholesale Company were a

group of affiliated corporations which elected to file separate returns. In the same year the Crab Orchard Company was either a nonaffiliated corporation which filed a separate return, or, if it was an affiliated corporation, it could have filed a separate or a consolidated return. In 1923 the status of these four corporations was changed. What formerly had been separate units became one business unit within the intent and purpose of the act of 1921, conferring on affiliated corporations the right to elect once whether their tax liability be computed separately or together.

This case is distinguishable from Swift & Co. v. United States, 38 F.(2d) 365 (Ct. Cl.), and like cases. In the Swift & Co. Case the addition of a single corporation to a group of sixty or more affiliated corporations made but a slight change in the group of affiliated corporations. In the present case the addition of a corporation of the size acquired by the three affiliated corporations made a substantial change in the group of affiliated corporations.

The order of the Board of Tax Appeals in each case is reversed, and the records are remanded for further proceedings in accordance with this opinion.