## MARVEL EQUIPMENT CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 5021.

Circuit Court of Appeals, Third Circuit.
Sept. 27, 1933.

Frank J. Albus, of Washington, D. C., for appellant.

J. Louis Monarch, of Washington, D. C., and Sewall Key and S. Dee Hanson, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Chester A. Gwinn, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

This case was brought here on petition to review an order of redetermination of the United States Board of Tax Appeals. The sole question to be determined is whether or not the four corporations here involved had the right to file a consolidated tax return for the year 1927. The board held that they did not, because two of the four, which were not affiliated with the other two in 1925 and 1926, filed separate returns for those years. In other words, the board held that the fact that two affiliated corporations filed separate returns for one year renders it illegal for an affiliated company, subsequently formed and composed in part of those two companies, to file a consolidated return for the next year, though the parent company was not one of the original two.

The following four corporations composed the group which filed the consolidated return in question: The Guarantee Liquid Measure Company, the Marvel Equipment Company, the Fry Equipment Corporation and the Fry Sales Corporation.

These were incorporated in the state of Delaware as follows: The Guarantee Company, May 11, 1916; the Marvel Company, February 27, 1922; the Fry Equipment Corporation, January 15, 1927; and the Fry Sales Corporation, February 11, 1927.

On May 20, 1925, the Guarantee Company purchased all the stock of the Marvel Company. On October 1, 1927, the Fry Equipment Corporation purchased all the stock of the Guarantee Company and all the stock of the Fry Sales Corporation. It thus became the owner of all the stock of the other three companies and the parent company in the consolidated group.

It is admitted by all parties and found by the Board of Tax Appeals that the Marvel Equipment and Guarantee Companies were affiliated from January 1, 1927, to January 15, 1927; that these two and the Fry Equipment Corporation were affiliated from Janu-

ary 15, 1927, to February 11, 1927; and that all four corporations were affiliated from February 11, 1927, to December 31, 1927, the end of the taxable year.

During the year 1927 the Guarantee Company and the Fry Equipment Corporation operated at a loss, but the Marvel Company made a profit. The Fry Sales Corporation came out even, having neither gain nor loss. The loss of the Guarantee and Fry Equipment exceeded the profit of the Marvel Company.

If a consolidated return is allowed, the profit of the Marvel Company will be offset by the loss of the other two companies, so that there will not be any deficiency tax in the return for that year. But as above stated, the commissioner and the board held that a consolidated return for 1927 might not be filed because the Guarantee Company and the Marvel Company filed separate returns for 1925 and 1926.

Section 240 (a) of the Revenue Act of 1926 (26 USCA § 993 (a), under which the return was filed, provides as follows: Sec. 240 (a). "Corporations which are affiliated within the meaning of this section may, for any taxable year, make separate returns or, under regulations prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income for the purpose of this chapter, in which case the taxes thereunder shall be computed and determined upon the basis of such return. If return is made on either of such bases, all returns thereafter made shall be upon the same basis unless permission to change the basis is granted by the commissioner."

■ Consequently, when affiliated corporations make a return, whether separate or consolidated, all returns thereafter shall be made on the same basis unless permission to change is given by the commissioner. If the word "return" in the above statute refers to the entire affiliated group as a tax computing unit and not to the action of the component parts or separate units of the group, it would seem on a plain and natural interpretation of the statute that the kind of return that the component parts of the group made before the affiliation is immaterial. The "return" which may not be changed and made on a different basis from that of the previous year without the permission of the commissioner is the return of the particular affiliated group as such, whose return is questioned.

■ The parent corporation has the right to determine the kind of return, whether separate or consolidated, to be filed by the affiliated group. If an affiliated group continues during a taxable year the addition of a corporation to the group or the dropping of a corporation from the group does not destroy the affiliation as a tax computing unit for the purpose of determining income and profits tax, provided the parent company remains the same when the additions and subtractions are made. Swift & Company v. United States (Ct. Cl.) 38 F.(2d) 365, 373–375. It is true that in the case of Sweets Company of America v. Commissioner of Internal Revenue (C. C. A.) 40 F.(2d) 436, the court said it could see no reason why the tax in that case should not be computed upon a consolidated return for the entire period of affiliation whether the additional member which joined the group for part of the period be a "parent" or "subsidiary" company. But in that case, the question of the right of the group after the Virginia Company became the parent company, to file a separate or consolidated return, was not before the court. The question was whether the group should file one consolidated return for the entire period or three returns. The court said that the Virginia Company had neither income nor loss during the time it was a member of the group, its addition to the group could affect the tax only in so far as its invested capital might change the invested capital of the affiliated group and no finding had been made as to its invested capital. And so the question which we have in the case at bar was not before the court in the Sweets Company Case.

■ The parent company is the dominant unit in the group. No case has been cited, and we have found none by independent research, in which it was held that, when a new affiliated group was formed with a new parent corporation, this newly affiliated group was bound by the kind of return that any of its members filed in the previous year. To hold that an affiliated group was bound by the kinds of return made before the affiliation by members of the group would lead to "absurd consequences," when the members of the affiliated group had filed different returns. Stonega Coke & Coal Company v. Commissioner (C. C. A.) 57 F.(2d) 1030.

The petitioner here was a member of a new group with a new dominant parent company, and it seems that under the proper construction of section 240 (a) of the Revenue Act of 1926, the petitioner had the right to the benefit of a consolidated return to be filed

by the parent corporation for the period of its affiliation.

The order of redetermination of the board is reversed.