## BRADEN STEEL CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.

### No. 1216.

Circuit Court of Appeals, Tenth Circuit.
July 8, 1935.

I. J. Underwood, of Tulsa, Okl. (Allen, Underwood & Canterbury, of Tulsa, Okl., on the brief), for petitioner.

Arnold Raum, Sp. Asst. to Atty. Gen. (Frank Wideman, Asst. Atty. Genl., and Sewall Key, Sp. Asst. to Atty. Genl., on the brief), for the United States.

Before LEWIS, PHILLIPS, and BRATTON, Circuit Judges.

PHILLIPS, Circuit Judge.

The Braden Company, an express trust, was organized in 1923 and has at all times since been taxed as a corporation. On January 1, 1926, the Braden Company organized the Braden Steel & Winch Company and transferred to it a part of its business in return for all of the issued stock. On January 1, 1928, the Braden Company organized the Braden Steel Corporation and transferred another portion

of its business and in return received all the issued stock. It has at all times continued to own all of the outstanding stock of its two subsidiaries.

The Braden Company and the Braden Steel & Winch Company made separate income tax returns for the years 1926 and 1927. Those two companies each sustained a loss in 1928, while the Braden Steel Corporation earned a net income of $24,939.75. Without requesting or securing permission of the commissioner to change the basis of filing returns, the Braden Company filed a consolidated return for the year 1928 for itself and its two wholly owned subsidiaries.

The commissioner determined that the three companies, although affiliated, were not entitled to file a consolidated return for the year 1928, under section 142, Revenue Act, 1928,[1] and thereupon proposed to assess a deficiency against the Braden Steel Corporation of $2,632.77.

The Board of Tax Appeals affirmed the determination of the commissioner.

The only question presented here is whether the three affiliated corporations had the right to file a consolidated return of income for the year 1928, without first obtaining permission from the commissioner.

Section 142, supra, grants to affiliated corporations the option of filing separate returns or a consolidated return, but it is expressly provided that if an election was made in 1927, the method elected could not be changed in 1928 without the consent of the commissioner. The statute requires a definite and permanent election, and once made, it must be adhered to by the taxpayer in the absence of permission of the commissioner to change the basis.

It is argued that, even though separate returns were filed in 1927 by the Braden Company and the Braden Steel & Winch Company, a new right of election arose in 1928, because of the addition of the Braden Steel Corporation to the group.

---

[1] Section 142(a), Revenue Act, 1928 (45 Stat. 832, 26 USCA § 2142(a), which in substance re-enacted Section 240(a), Revenue Act 1926, provides, in part, as follows:

"(a) Consolidated Returns Permitted. Corporations which are affiliated within the meaning of this section may, for the taxable year 1928, make separate returns or, under regulations prescribed by the Commissioner with the approval of the

Secretary, make a consolidated return of net income for the purpose of this title, in which case the taxes thereunder shall be computed and determined upon the basis of such return. If return for the taxable year 1927 was made upon either of such bases, return for the taxable year 1928 shall be upon the same basis unless permission to change the basis is granted by the Commissioner."

810

■ The addition of. a new member to a group does not create a new right of election, where the group remains substantially constant and such addition does not destroy the integrity of a single business. Export Leaf Tobacco Co. v. Commissioner (C. C. A. 2) 78 F.(2d) 163; Sweets Co. of America v. Commissioner (C. C. A. 2) 40 F.(2d) 436; Swift & Co. v. United States (Ct. Cl.) 38 F.(2d) 365.

When the change is so fundamental that a new and different group is created, a new right of election arises. Albert Leon & Son, Inc., v. Commissioner, 29 B. T. A. 251. Whether such a substantial change is brought about by 'such addition is a question of fact. Some of the cases hold that a change which gives rise to a new right of election does not occur if the dominant parent of all the affiliates remains the same. Huntington Beach, Inc., v. Commissioner, 30 B. T. A. 731; Marvel Equipment Co. v. Commissioner (C. C. A. 3) 67 F.(2d) 354, 355; Export Leaf Tobacco Co. v. Commissioner (C. C. A. 2) 78 F.(2d) 163. Compare Stonega Coke & Coal Co. v. Commissioner (C. C. A. 3) '57 F.(2d) 1030.

■ Although the dominant parent was the same here during the years 1927 and 1928, it is not necessary for us to rest our decision upon that basis, since the facts clearly disclose that the identity of the group was the same in 1928 as it was in 1927. There is no sound basis for the contention advanced that a newly formed subsidiary, which was carved out of the parent corporation and wholly owned by it and which brought neither new capital nor business into the group, changed the identity of the affiliation and empowered it to change the method of reporting income from that adopted in 1927. If such a situation gave rise to a new right of election, it would be a simple matter for an affiliation to establish a new right of election by carving out a part of the business of one member of the group and organizing a new member, or by one of the members absorbing another member, despite the commissioner's non-permission or even express disapproval. It is not to be assumed that Congress would have imposed this express restriction upon the voluntary election given corporate taxpayers, and yet leave open such an obvious means of its circumvention and frustration.

The decision of the Board of Tax Appeals is affirmed.