**HUNTINGTON BEACH, Inc., v. HELVER-ING, Commissioner of Internal Revenue.**

**DONBERRY CORPORATION v. SAME.**

Nos. 6419, 6420.

United States Court of Appeals for the Dis-trict of Columbia.

Argued Oct. 15, 1935.

Decided Nov. 11, 1935.

W. Gwynn Gardiner and James M. Earnest, both of Washington, D. C., for petitioners.

Frank J. Wideman, Asst. Atty. Gen., and Robert H. Jackson, T. F. Callahan, Sewall Key, John G. Remey, John Paul Jackson, and Francis I. Hawley, all of Washington, D. C., for respondent.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

GRONER, Associate Justice.

Petitioners Donberry Corporation and Huntington Beach, Inc., were, in 1927, members of an affiliated group consisting, in addition, of 134 E. 64th Street Corporation.

All three corporations elected to file and did file separate income-tax returns for the year 1927. In early January, 1928, another corporation, 254 West 54th Street Corporation, joined the affiliated group. All four corporations united in filing a consolidated return for the year 1928 without having asked or secured the permission of the Commissioner of Internal Revenue.

Petitioners' position on this appeal is that by reason of affiliation in January, 1928, of a fourth corporation with the original group, there came into existence a disparate group, and that, by reason of this, the individual corporations were entitled to a new election and had an absolute right to file a consolidated return for the period January 18 to December 31, 1928.

The stipulated facts show that petitioner Donberry Corporation was the parent corporation when the election to file separate returns was made in 1927, and that it continued and remained the parent corporation in 1928. The question, therefore, is: Where three affiliated corporations file separate returns for 1927 and in 1928 admit a new affiliate into the group, the parent corporation remaining unchanged, can the four affiliates file a consolidated return for 1928 without permission of the Commissioner as provided in section 142 (a) of the Revenue Act of 1928 (26 U.S. C.A. § 2142 (a) ? [1]

We think the question must be answered in the negative. It is not new and has been decided adversely to petitioners' claim in several cases. In Export Leaf Tobacco Co. v. Commissioner (C.C.A.) 78 F.(2d) 163, a group of tobacco companies, of which British-American Company was the parent, in 1926 and again in 1927 filed separate returns. In 1928, another corporation was brought into the group, and it was argued there, as it is here, that this gave rise to a new right of election. The Court of Appeals in the Second Circuit thought not, and in an opinion by Judge Augustus Hand said that this is not so where the group remains substantially constant and the new member cannot fairly be said to destroy the integrity of the single business. Precisely the same conclusion was reached by the Court of Appeals in the Tenth Circuit in Braden Steel Corporation v. Commissioner, 78 F.(2d) 808. In that case there were two corporations affiliated in 1926 and 1927. In January, 1928, another joined the group, and it was claimed that this changed situation gave a new right of election to the individual corporations, but it was held to the contrary, the court saying, in the language of the Second Circuit, that the addition of a new member does not alter or change the obligations of the group where the dominant control remains substantially the same. Swift & Company v. United States (Ct. Cl.) 38 F.(2d) 365, and Dr. Pepper Bottling Co. v. Commissioner (C.C.A.) 69 F.(2d) 768, are to the same effect.

There are cases holding that, where the change is so fundamental that a wholly different group is created, a new right of election arises, but that rule has no place in the facts in this case, for admittedly here the intrinsic nature of the group was unchanged. The reasoning of most of the decisions is that the privilege of filing consolidated returns is a favor as to which

[1] Section 142. *Consolidated Returns of Corporations—Taxable Year 1928*.

(a) Consolidated Returns Permitted. Corporations which are affiliated within the meaning of this section may, for the taxable year 1928, make separate returns or, under regulations prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income for the purpose of this title, in which case the taxes thereunder shall be computed and determined upon the basis of such return. If return for the taxable year 1927 was made upon either of such bases, return for the taxable year 1928 shall be upon the same basis unless permission to change the basis is granted by the Commissioner.

**532**

Congress may impose its own terms and that it should not be assumed that Congress, having imposed restrictions upon the right of election given affiliated corporate taxpayers, would have left open such an obvious means of avoiding them. But without regard to the strengh or weakness of this reasoning, we reach our decision on the plain, easily understandable language used in the section, and that language, in our view, will not permit a construction favorable to petitioners' claims. Nor do we think that anything in Stonega Coke & Coal Company v. Commissioner (C.C.A.) 57 F.(2d) 1030, especially when considered in connection with the later decision of that circuit in Marvel Equipment Co. v. Commissioner (C.C.A.) 67 F.(2d) 354, is at all persuasive to a different conclusion.

Orders affirmed.