UNITED STATES *v.* UPDIKE ET AL.

No. 340. Argued April 15, 1930.—Decided May 19, 1930.

490

*Assistant Attorney General Youngquist*, with whom
*Mr. Sewall Key* and *Helen R. Carloss*, Special Assistants
to the Attorney General, were on the brief, for the United
States.

*Messrs. Francis A. Brogan* and *Alfred G. Ellick*, with
whom *Messrs. Anan Raymond* and *Dana B. Van Dusen*
were on the brief, for respondents.

MR. JUSTICE SUTHERLAND delivered the opinion of the
Court.

Prior to the passage of the Revenue Act of 1917, the
Updike Grain Company, a Nebraska corporation, filed its
income tax and excess profits tax returns for the eleven
months ending June 30, 1917, that being the end of the
fiscal year which the corporation had selected as its annual
period for federal taxation. The returns in form com-
plied with the provisions of the law then in force, and
were correct in point of fact. The full amount of the tax,
as shown by the returns, was paid. In August, 1917, the
corporation was lawfully dissolved and its assets, after
payment of all debts, were distributed among its stock-
holders. Shortly after the passage of the Revenue Act
of October 3, 1917, which, among other changes, increased
the rate of taxation, the Commissioner of Internal Reve-
nue issued a regulation providing that corporations which
had dissolved in 1917 prior to the date of that act, should
file tax returns in accordance with its provisions for the
period preceding dissolution. A blank form for that pur-
pose was mailed to the corporation, but was returned by

its former secretary unexecuted with the information that the corporation, prior to its dissolution, had filed tax returns and paid all taxes due under existing laws.

In October, 1918, a revenue agent examined the books of the corporation and made a return in regular form, upon which, in January, 1920, additional income and excess profits taxes were assessed for the period ending June 30, 1917. The return so made was not verified or signed in behalf of the corporation, or otherwise. The present suit to recover the amount was brought against respondents, stockholders of the corporation, in 1927, more than seven years after the assessment. The theory upon which the suit was begun and prosecuted is, that the assets of the corporation distributed to the stockholders, to the extent of the additional taxes, became trust funds received to the use of the United States. The federal district court entered a decree dismissing the bill. 25 F. (2d) 746. Upon appeal the circuit court of appeals affirmed the decree upon the ground that the suit was barred by the provisions of § 278 of the Revenue Act of 1926, c. 27, 44 Stat. 9, 59; U. S. C. Supp., Title 26, §§ 1058, 1060, 1061. 32 F. (2d) 1.

The principal question presented here, and the only one we need consider, is whether the suit, having been brought more than six years after the assessment, was barred by the provisions of § 278 quoted below.

"(a) In the case . . . of a failure to file a return the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time.

\*          \*          \*          \*          \*

"(d) Where the assessment . . . has been made (whether before or after the enactment of this Act) within the statutory period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding

in court (begun before or after the enactment of this Act), but only if begun (1) within six years after the assessment of the tax, . . ." U. S. C. Supp., Title 26, §§ 1058, 1061.

In accordance with the claim of the government the court below held that there was a failure to file a return within the meaning of paragraph (a). See also *Updike* v. *United States,* 8 F. (2d) 913. We assume without deciding the correctness of that view and consider the case accordingly.

The government contends—(1) that § 278 (d) relates only to proceedings to collect taxes *qua* taxes, and not to suits in equity to recover " trust funds," and that the present suit is of the latter character; but (2) that the present case is not within the provisions of that section even if a suit against the stockholders be controlled by the same rule as a proceeding against the corporation itself.

*First.* The first point turns upon the question whether this is a proceeding to collect a tax, as to which it is said that the provision of § 278(d) that " such tax may be collected . . . by a proceeding in court," etc., refers only to a direct proceeding against the taxpayer; and that this view is borne out by a consideration of § 280 (c. 27, 44 Stat. 9, 61; U. S. C. Supp., Title 26, § 1069),*

---

* Sec. 280. (a) The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this title (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds) :

(1) The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon

which prescribes a mode of procedure against transferees of the property of a taxpayer.

The contention is that by the language of § 280 Congress has clearly differentiated between taxpayers and transferees by referring to the liability of the latter as "the liability at law or in equity, of a transferee of property of a taxpayer, in respect of the tax . . . imposed upon the taxpayer," and then, apparently realizing that the limitation periods as to the collection of taxes *qua* taxes would have no application to the remedy against transferees, creating a distinct period of limitation in respect thereof.

This view of the statute is not admissible. The plain words of § 280(a) are, that, "except as hereinafter in this section provided," the liability of the transferee shall be "assessed, collected, and paid" subject, among other things, to the same "provisions and limitations as in the case of a deficiency in a tax imposed by this title

---

the taxpayer by this title or by any prior income, excess-profits, or war-profits tax Act.

    \*        \*        \*        \*        \*

(b) The period of limitation for assessment of any such liability of a transferee or fiduciary shall be as follows:

(1) Within one year after the expiration of the period of limitation for assessment against the taxpayer; or

(2) If the period of limitation for assessment against the taxpayer expired before the enactment of this Act but assessment against the taxpayer was made within such period—then within six years after the making of such assessment against the taxpayer, but in no case later than one year after the enactment of this Act.

    \*        \*        \*        \*        \*

(c) For the purposes of this section, if the taxpayer is deceased, or in the case of a corporation, has terminated its existence, the period of limitation for assessment against the taxpayer shall be the period that would be in effect had the death or termination of existence not occurred.

(including . . . the provisions authorizing . . . proceedings in court for collection . . .)." Nothing thereinafter provided in that section affects the application to the present case of these general words in respect of limitations, for, while the succeeding paragraphs contain provisions of limitation in respect of assessment, they contain none in respect of collection. It seems plain enough, without stopping to cite authority, that the present suit, though not against the corporation but against its transferees to subject assets in their hands to the payment of the tax, is in every real sense a proceeding in court to collect a tax. The tax imposed upon the corporation is the basis of the liability, whether sought to be enforced directly against the corporation or by suit against its transferees. The aim in the one case, as in the other, is to enforce a tax liability; and the effect of the language above quoted from § 280 is to read into that section, and make applicable to the transferee equally with the original taxpayer, the provision of § 278(d) in relation to the period of limitation for the collection of a tax. Indeed, when used to connote payment of a tax, it puts no undue strain upon the word "taxpayer" to bring within its meaning that person whose property, being impressed with a trust to that end, is subjected to the burden. Certainly it would be hard to convince such a person that he had not paid a tax.

*Second.* It follows that if by § 278(d) the period of limitation had run in favor of the corporation, it had run in favor of the transferees. The contention of the government that the section does not apply under the facts of the present case, depends upon the meaning of the phrase which we have italicized: "Where the assessment . . . has been made . . . *within the statutory period of limi-*

*tation properly applicable thereto,* such tax may be collected . . . by a proceeding in court . . . but only if begun (1) within six years after the assessment of the tax . . ." The argument, in effect, is this: In 1920 when the assessment was made, there was, and had been, no provision of law which in any form limited the time for assessing or collecting taxes, and, therefore, an assessment in 1920 of 1917 taxes could not fulfil the requirements of § 278(d), because, in that view, there was no "statutory period of limitation properly applicable thereto"; and, assuming the applicability of statutes passed after 1920, the provision in these statutes is that the assessment may be made "at any time," and that is not a *period* of limitation within the meaning of § 278(d), for the word "period" connotes a stated interval of time commonly thought of in terms of years, months and days.

The clear intent of § 278, as applied to the facts of the present case, was to designate the extent of time for the enforcement of the tax liability. Where, in a "no return" case, an assessment, which, under paragraph (a), may be made at any time, has in fact been made, a proceeding to collect must be begun within six years thereafter; but where there has been no assessment, the proceeding may be begun at any time. In the present case there was an assessment, and it would not be doubted that the suit was barred at the expiration of the six-year period of limitation, unless for the presence of the words italicized above. Have these words the effect of averting the bar? We think not. An actual assessment having been made, it must be assumed that the government was in possession of the facts which gave rise to the liability upon which the assessment was predicated. In such case to allow an indefinite time for proceeding to collect the

tax would be out of harmony with the obvious policy of the act to promote repose by fixing a definite period after assessment within which suits and proceedings for the collection of taxes must be brought.

In the light of that policy, it seems reasonably clear that the saving clause, " within the statutory period of limitation properly applicable thereto," was inserted solely for the protection of the taxpayer—that is to say, in order to preclude collection of the tax even within six years after the assessment, if that assessment, when made, was barred by the applicable statutory limitation. This conclusion is confirmed, if confirmation be necessary, by the provisions of paragraph (a), which clearly contemplate that the six-year period shall apply, except where the proceeding to collect is brought " without assessment," in which event it may be brought " at any time."

It may be that the saving clause was not strictly necessary, but was inserted from excessive care to put the right of the taxpayer beyond dispute. In any event, we think this is the fair interpretation of the clause, and the one which must be accepted, especially in view of the rule which requires taxing acts, including provisions of limitation embodied therein, to be construed liberally in favor of the taxpayer. *Bowers* v. *N. Y. & Albany Co.,* 273 U. S. 346, 349.

This disposes of the case and it becomes unnecessary to determine whether the phrase, " at any time," imports a " period of limitation," or to consider other questions presented in argument.

*Decree affirmed.*