DeForest Hulburd and Hugh McBirney Johnston, Individually and as Executors of and Trustees under the Will of Charles H. Hulburd, Deceased, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 22028. Promulgated October 14, 1930.

*John E. Hughes, Esq.*, for the petitioners.
*J. O. Rhyne, Esq.*, and *J. A. Lyons, Esq.*, for the respondent.

#### OPINION.

Seawell: The Van Sicklen Co. filed its income and profits-tax return for the fiscal year ended September 30, 1919, on December 31, 1919. The Commissioner, by virtue of the Revenue Act of 1924, section 277 (a) (2), had five years after such return was filed within which to assess income and excess-profits taxes against it for the fiscal year in question. He made the assessment against the company, as stated in our findings of fact, on November 17, 1924. By the same revenue act it is provided:

Sec. 280. If after the enactment of this Act the Commissioner determines that any assessment should be made in respect of any income, war-profits, or excess-profits tax imposed by the Revenue Act of 1916, the Revenue Act of 1917, the Revenue Act of 1918, or the Revenue Act of 1921, or by any such Act as amended, the amount which should be assessed (whether as deficiency or as interest, penalty, or other addition to the tax) shall be computed as if this Act had not been enacted, but the amount so computed shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including the provisions in case of delinquency in payment after notice and demand) as in the case of the taxes imposed by this title, except as otherwise provided in section 277.

---

Sec. 278. (d) Where the assessment of the tax is made within the period prescribed in section 277 or in this section, such tax may be collected by distraint or by a proceeding in court, begun within six years after the assessment of the tax. Nothing in this Act shall be construed as preventing the beginning, without assessment, of a proceeding in court for the collection of the tax at any time before the expiration of the period within which an assessment may be made.

The pertinent provisions of the Revenue Act of 1926 are as follows:

Sec. 280. (a) The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this title (including the provisions in case of

delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds) :

(1) The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this title or by any prior income, excess-profits, or war-profits tax Act.

(2) The liability of a fiduciary under section 3467 of the Revised Statutes in respect of the payment of any such tax from the estate of the taxpayer. Any such liability may be either as to the amount of tax shown on the return or as to any deficiency in tax.

(b) The period of limitation for assessment of any such liability of a transferee or fiduciary shall be as follows:

(1) Within one year after the expiration of the period of limitation for assessment against the taxpayer; or

(2) If the period of limitation for assessment against the taxpayer expired before the enactment of this Act but assessment against the taxpayer was made within such period—then within six years after the making of such assessment against the taxpayer, but in no case later than one year after the enactment of this Act.

At the present stage of these proceedings and for the purpose of the only issue now being considered, we assume the correctness of the Commissioner's determination of the tax assessed against the Van Sicklen Co., a corporation.

In the instant case, the petitioners on April 16, 1924, mailed a written request to the Commissioner for the determination and assessment by him within one year of all taxes due on income received by the decedent during his lifetime. The request was made, as indicated therein, in accordance with the provisions of section 250 (d) of the Revenue Act of 1921. In view of the fact that no determination and assessment of any taxes were made against petitioners within one year after the giving of said notice or request, the statute of limitations is pleaded and relied on. We are of the opinion that said section is not applicable in the circumstances of the instant case.

The Commissioner is not proceeding to enforce collection of a tax or liability asserted under the Revenue Act of 1921, but under a later Revenue Act, 1926, which in some respects repeals, in others reenacts, and in still others makes amendments to, prior revenue acts.

The deficiency in tax of the transferor which the Commissioner is now proposing to assess as a liability against the estate of the decedent, of which the petitioners are executors, is a liability as a transferee of assets of the Van Sicklen Co., and such liability is asserted under and by virtue of section 280 of the Revenue Act of 1926, the provisions of which are given, *supra*.

Under section 280 (b) (2) of said Revenue Act, the Commissioner had one year from February 26, 1926, the date of its enactment,

within which to assess the liability in the instant case. The deficiency notice was mailed to the " Estate of Charles H. Hulburd, c/o DeForest Hulburd," October 27, 1926, well within the time prescribed by said act. The said section has been adjudged constitutional. *Phillips* v. *Commissioner of Internal Revenue*, 42 Fed. (2d) 177; *Routzahn* v. *Tyroler*, 36 Fed. (2d) 208.

If the decedent is in fact a transferee within the meaning of the statute quoted—which for the purpose of the present issue is assumed—his liability arose when he received assets of the Van Sicklen Co. Such liability, if any, existed prior to and apart from section 280 of the Revenue Act of 1926, but another new and different remedy than then existed was by said act provided for enforcing such liability. This is made to appear clearly, in the report of the Senate Finance Committee, which had under consideration said section before its enactment. In said report (pp. 28, 29, and 30) it is stated:

There are a number of situations in which the assets of the taxpayer have, subsequent to the accrual of his tax liability, been disposed of in whole or in part with the result that the Government can not successfully distrain or otherwise collect the full amount of the tax originally returned or found due as a deficiency.

A number of such instances are then given and the statement made:

In most of the above cases it is probable that under existing law the Government may proceed in equity by suit against the transferee if the transferor no longer exists (that is, in the case of a corporation, is dissolved, or in the case of an individual, is dead), and if the liability of the transferor has not been judicially established by action against the taxpayer before dissolution or death.—Updike *v.* United States, decided Circuit Court of Appeals, eighth circuit, December 1, 1925. * * * In all the above cases the transferee is not liable for the tax of the transferor, but is by reason of the receipt of the assets subject to an independent liability in his own person and payable out of his own estate, arising under the trust fund doctrine or some similar theory.

Again there are a number of situations in which, without reference to any principle of the trust fund doctrine or similar theory, an independent liability arises in respect of a person other than the taxpayer by reason of failure to pay from the taxpayer's estate the tax due from the taxpayer. An example of this is section 3467, Revised Statutes, under which every executor, administrator, or assignee, or other person, who pays any debt due by the person or estate from whom or for which he acts, before he satisfies and pays the debts due to the United States from such person or estate, shall become answerable in his own person or estate for the debts due to the United States, or for so much thereof as may remain due and unpaid.

Under existing law proceedings for the enforcement of liabilities such as those heretofore discussed are solely by court proceedings. No proceedings before the board for the redetermination of a deficiency and for the ultimate enforcement by assessment and distraint may be had.

It is the purpose of the committee's amendment to provide for the enforcement of such liability to the Government by the procedure provided in the act for the enforcement of tax deficiencies. It is not proposed, however, to

define or change existing liability. The section merely provides that if the liability of the transferee. exists under other law then that liability is to be enforced according to the new procedure applicable to tax deficiencies. Thus, upon notice of the liability sent by registered mail, the transferee may make payment and bring claim and suit for refund or may with or without payment petition the board for redetermination with right to appeal to the higher courts. In either case the transferee has the opportunity to go before a court. * * * ·

The liability which arises in the transferee in respect of the receipt of the assets is normally to be measured by the liability .of the transferor at the time of the transfer. This would include the amount of the tax due plus all interest, additional amounts, and additions to the tax provided by law, up to the time of such transfer. * * *

See also *United States* v. *Updike*, 281 U. S. 489, in which Mr. Justice Sutherland passed on the defense of the statute of limitations interposed in behalf of certain transferees under the 1926 Revenue Act. The issue there is not identical with the issue in the instant case, but we are of the opinion that the same principles there proclaimed are applicable and that the statute of limitations is of no avail to the petitioners, provided the deficiency notice was properly " addressed," it having been sent by registered mail October 27, 1926.

The petitioners contend that the respondent is precluded from making the proposed assessment because the deficiency notice was mailed after the estate of Charles H. Hulburd had been administered, the assets thereof distributed in accordance with the decree of the court having jurisdiction over the estate and the executors had been discharged. We have, heretofore, decided such question otherwise. See *Karl J. Kaufmann*, 15 B. T. A. 141, and *Elna S. Evans*, 12 B. T. A. 334.

Petitioners rely on the case of *Nauts* v. *Clymer*, 36 Fed. (2d) 207. The facts of that case are different from those of the instant case: In it the deficiency notice was mailed to L. C. Morgan, one of three former executors of the estate of one George H. Marsh, whose estate had been closed and said executors discharged at the time of mailing. The former executor receiving the notice took no action thereon, and so far as the record discloses never informed his former coexecutors that he had received any such notice. The decedent, Morgan, had on March 15, 1920, filed his 1919 income-tax return and paid the tax shown therein to be due.

On April 3, 1925, a deficiency assessment was made against " George H. Marsh, deceased, L. C. Morgan, Executor, Van Wert, Ohio." The tax was not paid, and on November 6, 1926, it was assessed against the appellee, as transferee, under the Revenue Act of February 26, 1926, who paid it under protest, filed claim for refund, which was rejected, and thereupon brought suit to recover the amount and obtained judgment in the District Court, which was

affirmed in the Circuit Court of Appeals. While indicating the deficiency notice mailed appeared insufficient, having been addressed to only one of three executors who had distributed the estate and been discharged, the court rather emphasized the fact that limitation expired before the assessment of April 3, 1925.

In the instant case the deficiency notice was addressed to the "Estate of Charles H. Hulburd, c/o DeForest Hulburd, 86 East Randolph Street, Chicago, Ill."

It does not appear from the evidence that the petitioners, prior to the mailing of the deficiency notice involved herein, informed the Commissioner that they had been discharged as executors of the estate of Charles H. Hulburd, although they had previously advised him they were such executors.

The Revenue Acts of 1924 and 1926 do not prescribe how the deficiency notice shall be "addressed," but do prescribe and require that the "taxpayer" shall be notified of the deficiency "by registered mail."

In the instant case no claim is made that the notice of the deficiency was not sent by registered mail nor that the body or contents of the notice was not proper and sufficient, but it is insisted that it was not properly addressed.

On this point petitioners cite *Henry M. Day*, 12 B. T. A. 161; *Walter G. Morgan*, 5 B. T. A. 1035; *Utah Orpheum Co.*, 6 B. T. A. 343; and *Wyoming Central Association*, 8 B. T. A. 1064, in none of which was the question for decision the same as in the instant case. Those were cases in which the deficiency notices were sent to wrong cities or to wrong addresses in cities, thus preventing or delaying the receipt of such notices or where the notice itself was not a deficiency notice.

The purpose of the deficiency notice is to advise the persons liable for the payment of the tax that such deficiency exists. In the instant case the notice indicated that payment of the tax deficiency was expected from the estate of Charles H. Hulburd as a transferee of assets of the Van Sicklen Co. The notice was sent in the care of one of the executors (or who had been such) of said estate, to the proper street and address in Chicago to reach him. He recognized it was intended for the executors of the Charles H. Hulburd estate and evidently so informed the other former executor. Both accepted it as a tax deficiency notice intended for them and both individually and as executors and trustees under the will of Charles H. Hulburd, deceased, filed their petition herein.

In the circumstances of the instant case, we are of the opinion that the proposed assessment of deficiency in tax against the estate of

Charles H. Hulburd, deceased, is not barred by the statute of limitations and it is so adjudged.   This proceeding will be restored to the calendar for hearing on its merits in due course.   Order will be entered accordingly.