Margaret M. Clampitt, Executrix, Estate of Edward A. Clampitt, Deceased, Margaret M. Clampitt, Leah Clampitt, and Barbara Clampitt, Transferees, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 26059.   Promulgated February 19, 1931.

*John W. Carrigan, Esq.*, for the petitioners.
*Frank T. Horner, Esq.*, for the respondent.

OPINION.

LANSDON: This proceeding was brought under section 316 of the Revenue Act of 1926, which, in so far as is material here, provides as follows:

(a) The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in tax imposed by this title * * *.

(b) The period of limitation for assessment of any such liability of a transferee * * * shall be as follows:

(1) Within one year after the expiration of the period of limitations for assessment against the taxpayer; or

(2) If the period of limitation for assessment against the executor expired before the enactment of this Act but assessment against the taxpayer was made within such period, then within six years after the making of such assessment against the executor, but in no case later than one year after the enactment of this Act.

The assessment against the executrix in this case was made on October 9, 1922, which was before the enactment of the Act of 1926, and the respondent contends that under the provisions of subdivision (b) (2) above quoted, he had six years thereafter, or until October 9, 1928, in which to collect the tax from the estate. If this be true the statute of limitations for assessment of the tax against these petitioners had not expired on February 25, 1927, when he mailed to them the deficiency letters and no error was committed by him in so

doing. Whether or not the respondent is correct in this contention depends upon the construction of prior acts in effect at the time of the enactment of the 1926 Act.

At the time of the making of the assessment against the executrix of the decedent's estate, these provisions governing collection of internal revenue taxes were in effect:

(Act of 1921, section 1320.) * * * No suit or proceeding for the collection of any internal revenue tax shall be begun after the expiration of five years from the time such tax was due, except in the case of fraud with intent to evade tax, or wilful attempt in any manner to defeat or evade tax. This section shall not apply to suits or proceedings for the collection of taxes under section 250 of this Act, nor to suits or proceedings begun at the time of the passage of this Act.

(Estate tax under Part I, Title III, Revenue Act of 1924, effective June 2, 1924.)

SEC. 310. (a) Except as provided in section 311 and in subdivision (b) of section 308 and in subdivision (b) of section 312, the amount of the estate taxes imposed by Part I of this title shall be assessed within four years after the return was filed, and no proceeding in court for the collection of such taxes shall be begun after the expiration of five years after the return was filed.

In this case the estate tax was due one year after the death of Clampitt, or September 26, 1920. The return was filed September 25, 1920; and under the provisions of section 310 (a), *supra*, the respondent had five years from said date, or until September 25, 1925, in which to collect the tax. Under section 1320, *supra*, he had similar powers which expired on September 26, 1925, or one day later, the assessment having been made prior to the effective date of the 1924 Act, the period for collection was not extended by the provisions of that act. *Russell* v. *United States*, 278 U. S. 181; *United States* v. *Updike*, 281 U. S. 489.

In applying the Act of 1926 to similar situations we have held that the provisions of subdivision (b) (2) of section 316, *supra*, are not retroactive in their operations so as to revive this administrative function which had lapsed prior to the effective date of the 1926 Act. *Caroline J. Shaw*, 21 B. T. A. 400; *O. M. Ennis*, 21 B. T. A. 406. Upon authority of these holdings our decision must be that the proposed assessment and collection of the taxes in question against and from these petitioners is without authority in law.

Since we must sustain the contention of the petitioners upon the issue of the statute of limitations, it is unnecessary to consider their further contention that the tax was extinguished through abatement prior to the issuance of the deficiency notice to them.

*Decision will be entered for the petitioners.*