## EVERETT MILLS v. UNITED STATES.
### No. 42083.

Court of Claims.
Jan. 14, 1935.

510

O. Walker Taylor, of Boston, Mass., for plaintiff.

J. W. Hussey, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

BOOTH, Chief Justice.

This is a tax case. The plaintiff, a Massachusetts corporation, on April 1, 1918, filed its income tax return for the calendar year 1917, disclosing a tax liability of $235,975.08. On July 29, 1920, plaintiff filed an amended return for 1917 increasing its tax liability to $290,856.78, and on August 28, 1922, filed its third return disclosing a tax liability of $279,526.61. For the calendar year 1919 plaintiff's return disclosed a tax liability of $832,205.16. The taxes were paid.

On March 30, 1923, the Commissioner of Internal Revenue signed a schedule of reductions of tax liability in accord with his adjustments made of plaintiff's taxes. This schedule showed an overpayment of the 1919 tax of $121,323.33, and a credit of $50,725.19 of this sum was applied by the Commissioner to deficiencies for the years 1915, 1916, and 1917, refunding to the plaintiff on August 20, 1923, the sum of $43,545.64; the Commissioner having signed the schedule of refunds and credits on July 23, 1923. The plaintiff received and accepted the amount refunded.

Thereafter the plaintiff did nothing with · respect to the Commissioner's adjustments of its taxes for the years 1915, 1916, 1917, and 1919, until July 24, 1929, six years and one day after the signing of the schedule of refunds and credits noted above. On this date, when the statute of limitations had barred a suit for the recovery of any of the taxes assessed and paid, the plaintiff filed a claim for refund of the sum of $50,725.19 theretofore credited to the 1915, 1916, and 1917 deficiencies, on the ground that said credits were void, being barred by limitation under sections 607 and 609 of the Revenue Act of 1928 (26 USCA §§ 2607, 2609). The Commissioner, out of time, received the refund claim, reopened and reconsidered plaintiff's tax liability for the years involved, and refunded $6,648.67, with interest, theretofore applied as a credit against the deficiencies for 1915 and 1916, but denied the refund claim as to $44,076.52, credited to the 1917 deficiency, on the ground that the 1915 and 1916 deficiencies were barred by the statute of limitations when made, but the 1917 deficiency was not, the refund being made over nine years after the payment of the last installment of the 1919 tax, and over ten years after the return for 1919 was filed.

The plaintiff sues to recover $44,076.52 with interest, the sum applied by the Commissioner to the 1917 deficiency, alleging that it, like the other deficiency, was not collectible because barred by the statute of limitations.

The plaintiff accepted the second refund and did not commence this suit until October 27, 1932, three years and eleven days after the refund for the amount herein claimed, credited to the 1917 deficiency, had been denied on October 16, 1929. We have then a situation where the plaintiff, ten years after filing its tax return for 1917 and over thirteen years after its return for 1919, as well as a delay of over nine years from the signing of the first schedule of refunds and credits, is suing to recover on the theory that the six-year statute of limitations (Jud. Code § 156, 28 USCA § 262) did not begin to run until October 8, 1929, and that in any event section 3226 of the Revised Statutes, as amended (26 USCA § 156) has no application to this case.

In order to sustain the contention advanced and toll if possible the running of the statute of limitations, plaintiff insists that the account stated by the Commissioner on August 20, 1923, has been by the facts successfully impeached. Obviously, the plaintiff took no action to impeach it until after the statute of limitations had precluded plaintiff from doing so. Whatever may have

been plaintiff's rights to impeach it, they were not indefinite as to time. Bonwit Teller Case, 283 U. S. 258, 51 S. Ct. 395, 75 L. Ed. 1018.

Doubtless the passage of section 609 of the Revenue Act of 1928 suggested to plaintiff the possibility of recovering the tax involved, and the ingenious arguments advanced clearly indicate that plaintiff appreciated the obstacles to be encountered, and hence strives to characterize this litigation as a proceeding foreign to one to recover a tax illegally assessed and paid. We are unable to follow the contention. The plaintiff, we think, has received a second refund to which it was not legally entitled, and, even so, it was accepted without protest or objection and no action whatever taken until more than three years thereafter. We think the plaintiff was conscious of having paid taxes and of the additional fact that it was suing to recover a portion of the payments so made. Stearns v. United States, 291 U. S. 54, 54 S. Ct. 325, 78 L. Ed. 647; United States v. Updike, 281 U. S. 489, 50 S. Ct. 367, 74 L. Ed. 984.

The petition will be dismissed. It is so ordered.

GREEN, Judge (concurring).

There are so many reasons why plaintiff's case must fail that it may seem superfluous to supplement in any way the foregoing opinion, and I only do so to show that all of the contentions of plaintiff have been considered.

The opinion of the CHIEF JUSTICE holds that there was an account stated presented by defendant. I think also that on the authority of R. H. Stearns Co. v. United States, 291 U. S. 54, 54 S. Ct. 325, 78 L. Ed. 647, there was an account settled. When the Commissioner sent the plaintiff a statement of its account for taxes called a "certificate of overassessment," and plaintiff accepted payment of the balance shown thereby to be due, by this transaction there arose an account settled. 1 C. J. 689, § 270.

I think this holding is manifestly correct, and, if so, it is sufficient to dispose of the case, but it is contended, in substance, on behalf of plaintiff:

(First) That, although an account was presented to plaintiff which showed a balance in its favor which was paid and the payment accepted without objection, this account has been successfully impeached and is now of no effect as an account stated.

(Second) That, there being no account stated, it follows that, regardless of the fact that the money was paid upon taxes assessed against the plaintiff and applied by defendant on such taxes, plaintiff's suit is merely and solely to recover a certain sum of money and not to recover taxes paid. A mere statement of this defense may seem sufficient to show that it cannot be sustained, but at the risk of being unnecessarily prolix I shall analyze it. In so doing it may be well to make clear the situation of plaintiff's case before suit was begun thereon. At the outset the plaintiff encountered a dilemma. If suit was brought upon an account stated, obviously under the former decisions of this court it could not recover as the balance due plaintiff on the account presented was paid by defendant. Under these circumstances, plaintiff did not bring its suit upon an account stated nor to recover money paid for taxes, but, as counsel states, merely for a certain sum of money which had been paid to the government and, as counsel alleges, wrongfully withheld. But, in so stating its cause of action and endeavoring to maintain it, plaintiff's suit runs up against an impregnable wall of adverse decisions and statutes. In short, if it be conceded for the sake of argument that there was no account stated, it does not help plaintiff's case.

It is true that, when an account stated for taxes or other items has been established, a new promise arises which is entirely distinct from the matters of the original account. Consequently, suit may be brought on the account stated without regard to the rules which would apply to the items of the account itself, and, although the account relates to taxes, the statutes with reference to recovery of taxes no longer apply. But an insuperable difficulty of plaintiff's case is that only by establishing and bringing its suit upon an account stated can it escape the rules with reference to the recovery of taxes. If there was no account stated, the action of plaintiff is primarily based upon taxes and taxation. It is a suit to recover taxes paid, and is in every way controlled by the statutes relating thereto.

These statutes are explicit in providing what matters must be shown in order to recover taxes which have been paid. They require the filing of a claim for refund within a prescribed time, and also fix the period after the payment of the taxes, the filing of the claim for refund, and the disallowance thereof within which the suit may be begun. See section 3226, Revised Statutes, as

amended, (26 USCA § 156). There is no pretense that the provisions of section 3226 have been complied with. On the contrary, counsel contends that section 3226 has no application to the case. As I understand the argument, the reason for this contention is that counsel claims that plaintiff's suit is not brought to recover taxes, and consequently the provisions of section 3226 do not apply.

On this point this court has already held, although such a holding may have been unnecessary, in the case of First National Bank of Beaver Falls v. United States, No. K-149, 8 F. Supp. 484, that section 3226 has not been repealed by subsequent enactments. In fact it is re-enacted in the act of 1932 with amendments which do not affect the case at bar.

It is argued on behalf of the plaintiff that section 609 of the 1928 act, which makes credit against a liability void if any payment upon such liability would be considered an overpayment under section 607, is remedial in its nature and removes the payment from the limitations prescribed by the statutes with reference to income taxation. But it will be observed that the provisions of section 609 refer back to section 607 of the tax statute, which is headed "Effect of Expiration of Period of Limitation Against United States," and states that a tax paid after the expiration of the period of limitations applicable thereto "shall be considered an overpayment and shall be credited or refunded to the taxpayer if claim therefor is filed within the period of limitation for filing such claim." The purpose of both House and Senate as shown by the committee reports was to remove any doubts that might have arisen over the legal construction of section 1106 of the Revenue Act of 1926 (26 USCA § 1249 note) and to enact the sections to which we have referred in its stead and place, but not to prevent the application of the statutes with reference to the recovery of taxes paid. Indeed, a reading of sections 607 and 609 would show this without the committee reports. Counsel for plaintiff in support of its contentions cites decisions upon cases where special acts of Congress have been passed creating an en-

tirely new cause of action not dependent upon former statutes; but these cases can have no application.

The precise question here involved has been determined by the Supreme Court in the case of R. H. Stearns Co. v. United States, supra. In that case plaintiff brought suit to recover the amount of an overassessment for 1918, which had been applied as a credit upon the tax for 1917 after the time for the collection thereof had expired. The Supreme Court held that the statute of limitations for the commencement of a suit to recover the tax began to run at the time when the tax was paid for the year 1918, and that, in the absence of an account stated, the action was barred. The facts in the case before us are precisely similar to those in the case of Stearns Co., supra.

In Rosenstadt & Waller v. United States, 7 F. Supp. 287, this court held that, while the statute declared the credit of an overpayment upon a barred tax to be void and required it to be considered as an overpayment, this did not mean that it was an overpayment upon the barred tax, but simply that it was restored to its original condition of an overpayment for the year as to which the Commissioner had originally declared it, and that, if the statute was construed otherwise, there would be one overpayment for two different years. This ruling led this court to the same conclusion as was announced in the Stearns Case, supra. Following these decisions, it is clear that, as plaintiff could not and did not bring its suit upon an account stated, the action is barred by the statute of limitations not only in one but in several respects.

The somewhat singular claim is set up in argument that the broad equities of the case are with the plaintiff because it has overpaid its taxes, but the facts are that it has not. Its taxes for 1918 were overpaid, but they were underpaid for 1917, and the excess of the overpayment was refunded to plaintiff.

For the reasons stated above, I concur with the opinion of the CHIEF JUSTICE that plaintiff's case is without merit and that it should be dismissed.