## COMMISSIONER OF INTERNAL REVENUE
### v. KRUG.
### No. 7688.

Circuit Court of Appeals, Ninth Circuit.

June 17, 1935.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, Harry Marselli, and F. E. Youngman, Sp. Assts. to Atty. Gen., for petitioner.

Claude I. Parker, George H. Koster, and John B. Milliken, all of Los Angeles, Cal., for respondent.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals holding that a proposed assessment of $17,127.60 against respondent, as transferee of the Krug Baking Company of Ohio, hereinafter referred to as the Ohio Company, under section 280 of the Revenue Act of 1926, c. 27, 44 Stat. 61, 26 U. S. C. § 1069 (26 USCA § 1069 and note), is barred by the statute of limitations. The proposed assessment is for a deficiency in income taxes of the Ohio Company for the year 1918. The agreed facts are substantially as follows:

On July 1, 1918, respondent was the principal stockholder of the Ohio Company, which was engaged in the baking business at Dayton, Ohio. On that date, the Krug Baking Company of Delaware, hereinafter referred to as the Delaware Company, for a consideration of $325,000, ac-

quired the business of the Ohio Company and agreed to pay all debts and obligations of the Ohio Company, including its federal income taxes since January 1, 1918. Thereafter the Ohio Company was dissolved, and the sum of $325,000, which it had received from the Delaware Company, was paid to respondent. The baking business and other assets of the Delaware Company were subsequently transferred .to Ward Brothers Company.·

On June 16, 1919, the Ohio Company filed an income tax return for the year 1918. The return was not verified. After audit thereof, the Commissioner, on July 19, 1922, made a deficiency assessment against the Ohio Company of $17,127.60, representing additional taxes found to be due for the year 1918. That deficiency is the only one involved in this case. It is stipulated, however, that the correct amount of the deficiency is $13,254.34, instead of $17,127.60 as assessed by the Commissioner.

On December 20, 1926, the Commissioner sent a ·sixty-day letter to the Ohio Company notifying it of a further deficiency in tax for the year 1918 in the amount of $27,825.55. This did not include, but was in addition to, the deficiency of $17,127.60 assessed against the Ohio Company in 1922. In other words, there were two deficiencies for the year 1918; the deficiency of $17,-127.60 (reduced by stipulation to $13,254.-34) assessed in 1922, and the deficiency of $27,825.55 set forth in the sixty-day letter of December 20, 1926. This case involves the former, not the latter deficiency.

The Commissioner's sixty-day letter of December 20, 1926, was, apparently, the only step ever taken towards collecting the deficiency of $27,825.55. No notice thereof was ever sent to any transferee of the Ohio Company or of the Delaware Company. Nevertheless, on February 18, 1927, Ward Bros. Company, transferee of the Delaware Company, though not notified of the assessment of $27,825.55, petitioned the Board of Tax Appeals for a redetermination thereof. That petition was subsequently dismissed for lack of jurisdiction.

On July 18, 1927, the Commissioner notified Ward Bros. Company that he proposed to assess against that company the deficiency of $17,127.60 here involved, plus a 5 per cent. penalty, being a total of $17,-983.98. On September 3, 1927, Ward Bros. Company petitioned for redetermination of said proposed assessment. While that petition was pending, the Commissioner, on October 28, 1929, notified respondent that he proposed to assess against him, as transferee of the Ohio Company, the same deficiency of $17,127.60, plus the penalty. Thereupon, on December 24, 1929, respondent petitioned the Board for a redetermination.

The petition of Ward Bros. Company for a redetermination of the proposed assessment of $17,127.60 against that company was heard on the merits and decided in its favor on November 30, 1931. (24 B. T. A. 989). Respondent's petition was also heard on the merits, and on July 31, 1934, the Board held that the proposed assessment of $17,127.60 against respondent was barred by the statute of limitations (30 B. T. A. 1376). The last-mentioned decision is now before us for review.

The proposed assessment against respondent is based on section 280 (a) of the Revenue Act of 1926, c. 27, 44 Stat. 61, 26 U. S. C. § 1069 (a), 26 USCA § 1069 (a) which is the applicable statute for the imposition of a transferee liability for taxes for previous years. That section provides:

"(a) The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this title [chapter]. * * *

"(1) The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this title [chapter] or by any prior or income, excess-profits, or war-profits tax Act."

The liability of respondent as a transferee and the applicability of the foregoing statute are not disputed, the only question being whether the liability is barred by the statute of limitations. ·Section 280 (b) of the act (26 USCA § 1069 (b) prescribes the period of limitation within which an assessment may be made against a transferee as follows:

"(b) The period of limitation for assessment of any such liability of a transferee or fiduciary shall be as follows:

"(1) Within one year after the expiration of the period of limitation for assessment against the taxpayer; or

"(2) If the period of limitation for assessment against the taxpayer expired before the enactment of this Act [February 26, 1926], but assessment against the taxpayer was made within such period—then within six years after the making of such assessment against the taxpayer, but in no case later than one year after the enactment of this Act [February 26, 1926].

"(3) If a court proceeding against the taxpayer for the collection of the tax has been begun within either of the above periods—then within one year after return of execution in such proceeding."

■ Here the period of limitation applicable to the taxpayer (the Ohio Company) was five years, which, if the tax return had been verified, would have commenced to run on the date of its filing, June 16, 1919, and would have expired on June 16, 1924. Revenue Act of 1918, c. 18, § 250 (d), 40 Stat. 1083; Revenue Act of 1921, c. 136, § 250 (d), 42 Stat. 265; Revenue Act of 1924, c. 234, § 277 (a) (2), 43 Stat. 299 (26 USCA § 1057 note); Revenue Act of 1926, c. 27, § 277 (a) (3), 44 Stat. 58, 26 U. S. C. § 1057 (a) (3), 26 USCA § 1057 (a) (3); Russell v. United States, 278 U. S. 181, 185, 49 S. Ct. 121, 73 L. Ed. 255.

■ Since the Ohio Company's tax return was not verified, its filing did not start the running of the statute of limitations (Lucas v. Pilliod Lumber Co., 281 U. S. 245, 248, 50 S. Ct. 297, 74 L. Ed. 829, 67 A. L. R. 1350), but the deficiency assessment of $17,127.60, made on July 19, 1922, did start the running of the statute (United States v. Updike, 281 U. S. 489, 495, 50 S. Ct. 367, 74 L. Ed. 984). There has been no waiver by respondent. Therefore, under section 280 (b) of the Revenue Act of 1926 (26 USCA § 1069 (b), the period of limitation for assessment of respondent's liability as transferee expired on July 19, 1928, unless it can be said that the running of the statute was theretofore suspended.

Section 277 (b) of the Revenue Act of 1926, as amended by section 504 (a) of the Revenue Act of 1928, c. 852, 45 Stat. 870, 26 U. S. C. § 1057 (b), 26 USCA § 1057 (b), provides:

"The running of the statute of limitations provided in this section * * * on the making of assessments * * * in respect of any deficiency, shall (after the mailing of a notice under subdivision (a) of section 274 [section 1048]) be suspended for the period during which the Com-missioner is prohibited from making the assessment * * * (and in any event, if a proceeding in respect of the deficiency is placed on the docket of the Board, until the decision of the Board becomes final), and for 60 days thereafter."

■ Relying on this section, the Commissioner contends that, as to the proposed assessment of $17,127.60 against respondent, the running of the statute of limitations was suspended during the pendency of the proceedings brought by Ward Bros. Company before the Board of Tax Appeals. Both proceedings were instituted by Ward Bros. Company before the expiration of the period of limitation applicable to the proposed assessment against respondent, and both remained on the docket of the Board until after respondent's petition was filed. If, therefore, the proceedings so instituted had the effect claimed by the Commissioner, the proposed assessment against respondent is not barred.

We hold that the proceedings referred to had no such effect. The first was a proceeding by Ward Bros. Company for a redetermination of an assessment of $27,825.55, which the Commissioner had proposed to make against the Ohio Company. It was not a proceeding in respect of the deficiency here involved, but was a proceeding in respect of another deficiency, with which, as previously stated, we are not here concerned. It did not relate to and could not affect the proposed assessment against respondent. The other proceeding was for a redetermination of an assessment of $17,127.60, which the Commissioner had proposed to make against Ward Bros. Company. This was, indeed, a proceeding in respect of the deficiency here involved, but was not in respect of, did not relate to, and could not affect, the proposed assessment of that deficiency against respondent.

Under section 277 (b), quoted above, the running of the statute of limitations was not suspended by the proceedings instituted by Ward Bros. Company unless the Commissioner was thereby prohibited from making the proposed assessment against respondent. There was no such prohibition. The Commissioner could and did proceed against respondent, while the proceedings instituted by Ward Bros. Company were still pending. If respondent had not petitioned the Board of Tax Appeals within the sixty days specified in the Commissioner's letter, the Commissioner could,

and undoubtedly would, have made the proposed assessment long before the Board disposed of either of the proceedings instituted by Ward Bros. Company. Since those proceedings did not prohibit the Commissioner from making the assessment here in question, the running of the statute of limitations was not thereby suspended. The applicable period of limitation expired on July 19, 1928. This assessment was proposed on October 28, 1929, and is, therefore, barred.

The decision of the Board of Tax Appeals is affirmed.