

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Leonard Carlton, Commissioner
Bureau of Labor Statistics
Austin, Texas

Dear Sir:

Opinion No. O-6621
Re: Conflict of riders appearing in
Appropriation Bill effecting
Boxing and Wrestling Enforcement
Fund of the Bureau of Labor
Statistics.

From your letter of recent date we quote the following:

"In the Appropriations Bill for the biennium 1943-45, there is a conflict in riders effecting the Boxing and Wrestling Fund of the Bureau of Labor Statistics.

"The rider immediately following the Boxing and Wrestling Division proper is set out as follows: 'Any balance in excess of $8,000.00 in the Boxing and Wrestling Enforcement Fund at the close of each fiscal year shall be allocated and transferred 1/4 to the Available School Fund and 3/4 to the General Revenue Fund.'

"The above rider was desired by this department in order to allow enough money for the Boxing and wrestling Division to function uring the first month following the close of a fiscal year, and was so requested of the Legislature by this department.

"At the end of the entire department's portion of the Appropriations Bill, however, there is another rider inserted as follows: 'Any balance in the Boxing and wrestling Enforcement Fund at the close of each fiscal year shall be allocated and transferred one-fourth to the available School Fund and three-fourths to the General Revenue Fund.'

Honorable Leonard Carlton - page 2

"The latter rider had been carried on the Appropriations Bill for the previous biennium (1941-43), and it is believed that it was included merely through typographical error in the printing of the bill.

"We should like your opinion as to the governing rider as intended by the Forty-eighth Legislature."

The provisions of the appropriation bill referred to by you appear in the General and Special Laws of the Forty-Eighth Legislature, Regular Session, 1943, Chapter 400, p. 885, at pp. 959-960.

The first "rider" appears on page 959 immediately following the itemized and specific appropriations for "Salaries and Maintenance" to be paid out of the Boxing and Wrestling Fund and prescribes "any balance in excess of $3,000.00" to be allocated and transferred at the close of each fiscal year. The other "rider" follows the itemized appropriations for "Salaries" and "Maintenance and Miscellaneous", out of the Boiler Inspection Fund, and at the close of the different items effecting the Department of the Bureau of Labor Statistics on page 960. With specific reference to the same Boxing and Wrestling Enforcement Fund, the legislative language thus inserted commands "any balance" in said fund to be allocated and transferred. Both provisions of the same bill are identical in language, except that the first in position in the bill requires the allocation and transfer of "any balance in excess of $3,000.00" while the latter in position requires said allocation and transfer to be made as to "any balance."

While we recognize that probable desirability from the standpoint of efficient administration of the Boxing and Wrestling Division of your office would impel a ruling which would permit the retention of the $3,000.00 balance, thus giving effect to the first expression appearing in the bill, we have concluded that the adjudicated law is otherwise. Having sought in vain for a reasonable means of construction which would give life and vitality to each provision, we cannot escape the conclusion that there is irreconcilable conflict - that it would be physically impossible to allocate and transfer "any balance in excess of 3,000.00" and at the same time to allocate and transfer "any balance" in said fund "at the close of each fiscal year."

Honorable Leonard Carlton, page 3

The conclusion thus reached requires an answer to the question: As between conflicting provisions of the same enactment of the Legislature, which should prevail?

Although the rule has been criticized as "purely arbitra (Smith v. Board of Trustees of Barnes City, 198 Cal. 301, 245 P. 173), in accordance with the principle that the last expression of the legislative will is the law, in case of conflicting provisions in the same statute, the prevailing line of authority as announced by the majority of courts passing upon the question in this country seems overwhelming that the last in point of time or order of arrangement prevails. 59 C. J. 999, # 596; Great Northern Ry. Co. v. U. S., 155 F. 945, 84 C. C. A. 93, affirmed 208 U. S. 452, 28 S. Ct. 313, 52 L. Ed. 567; U. S. v. Jackson, 143 F. 783, 75 C. C. A. 41, reversing C. C. Ex parte Jackson, 140 F. 266; U. S. v. Updike, 25 F. 2d 746, affirmed, C. C. A., 32 F. 2d 1, certiorari granted, affirmed 281 U. S. 489, 50 S. Ct. 367, 74 L. Ed. 984; In re Richards, C. C. A., 96 F. 935; Reynolds v. U. S. 95 Ct. Cl. 160.

For cases to the same effect, from eighteen states of the union see 59 C. J. 999, # 596, note 58.

Texas has clearly followed this rule of necessary construction in the case of Parshall v. State, 62 Tex. Cr. R. 177, 138 S. W. 767, from which we quote the following:

"* * * 'The different sections or provisions of the same statute or Code should be so construed as to harmonize and give effect to each, but, if there is an irreconcilable conflict, the later in position prevails.' Lewis' Suth. on Stat. Const. (2d Ed.) §268, p. 514; citing Ex parte Thomas,133 Ala. 1, 21 South. 369; Hand v. Stapleton, 135 Ala. 156, 33 South. 689; Van Horn v. State, 46 Neb. 62, 64 N. W. 365; Omaha Real Est. & T. Co. v. Kragscow, 47 Neb. 502, 66 N. W. 658. And: 'If a conflict exists between two statutes or provisions, the earlier in enactment or position is repealed by the later. "Leges posteriores priores contrarias abrogant." There there is an irreconcilable conflict between different sections or parts of the same statute, the last words stand, and those which are in conflict with them, so far as there is a conflict, are repealed; that is, the part of a statute

Honorable Leonard Carlton, page 4

later in position in the same act or section is
deemed later in time, and prevails over repugnant
parts occurring before, though enacted and to take
effect at the same time. This rule is applicable
where no reasonable construction will harmonize the
parts. It is presumed that each part of a statute
is intended to coact with every other part; that
no part is intended to antogenize the general pur-
pose of the enactment. To ascertain the legislative
intent every part of an act, and other acts in pari
materia, are to be considered. One part of an act
may restrict another part - an early section a later,
and vice versa; but, if on a part is so out of line
with other parts and the general purpose of the act
that it can only operate by wholly neutralizing some
other part, then the later provision is supreme, as
expressing the latest will of the lawmaker. Hence it
is a rule that where the proviso of an act is direct-
ly repugnant to the purview, the latter is repealed
by it.' Lewis' Sutherland's Stat. Const. § 280. * * *
(Emphasis ours).

To the same effect, see Stevens v. State, 70 Tex. Cr.
R. 565, 159 S. W. 505.

This view is strengthened by our holding in opinion
No. O-5329, wherein this department was considering conflicting
provisions in appropriations for the Certificate of Title Division
from Certificate of Title fees in the Highway Fund. Ch. 40C, Acts
43rd Leg., supra, at p. 946. One proviso limited the appropriation
to $175,000.00. In a paragraph following the proviso, expenditure
of sufficient certificate of title fees to administer the act was
authorized. The opinion on the question involved is as follows:

"Since there is a direct conflict between these
two provisions, which can not be resolved by the appli-
cation of any other rule of statutory construction, we must
apply the rule that in case of conflict between provisions
of the same enactment, the provision last in point of posi-
tion in the Act controls, on the theory that it is the
latest expression of the legislative will. Stevens v.
State, 159 S. W. 505. Thus the proviso is superseded by
the paragraph succeeding it.

Honorable Leonard Carlton, page 5

"It has been suggested that the conflict is to be resolved by regarding the proviso as an appropriation from the General Fund. To this we cannot agree. It is not the province of construction to vary the meaning of unambiguous language in order to avoid a conflict between portions of the law. This is legislation - - not interpretation."

In our Opinion No. 0-6379, it was held:

"In view of the foregoing authorities, it will be seen that in case of repugnancy between two provisions of the statute, the posterior in position should be given effect as being the later expression of the legislature." Citing 59 Texas Jurisprudence 139 and Stevens v. State supra.

Being convinced that the two provisions of the appropriation bill in question are in irreconcilable conflict, in view of the above authorities, the latter expression must control, and that, therefore, the stipulation by the legislature that "any balance in the Boxing and Wrestling Enforcement Fund at the close of each fiscal year shall be allocated and transferred one-fourth to the Available School Fund and three-fourths to the General Revenue Fund" must be held as the expression which is controlling and effective.

Yours very truly

ATTORNEY GENERAL OF TEXAS

BY *Ardell Williams*

Ardell Williams
Assistant

By *John Reeves*

John Reeves

AW:md

APPROVED
OPINION
COMMITTEE