**Virgil D. DARDI, Individually and as Executor of the Estate of Umberto Dardi, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 15655.**

United States Court of Appeals Ninth Circuit.

Feb. 21, 1958.

Phillips, Avakian & Johnston, J. Richard Johnston, Oakland, Cal., for appellant.

Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, A. F. Prescott, Louise

Foster, Attys., Dept. of Justice, Washington, D. C., Lloyd H. Burke, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before HEALY, ORR and POPE, Circuit Judges.

PER CURIAM.

On June 30, 1944, appellant Virgil Dardi and his father, Umberto Dardi, were the owners of the capital stock of the Mission Company, a corporation, and on said day caused the said corporation to transfer to them all of its assets. Virgil Dardi and Umberto Dardi formed a partnership to continue the corporation's restaurant business and transferred the assets and liabilities received from the corporation to the new partnership. Since said date the corporation has been without assets. Umberto Dardi is now deceased. Virgil Dardi is executor of his estate.

On October 10, 1947, the Commissioner of Internal Revenue assessed deficiencies for income and excess profits taxes for the years 1942 and 1943 against the corporation in the amount of $15,983.60 plus interest. This assessment was made within a period as extended by waivers signed by appellant Virgil Dardi acting as president of the corporation. On October 21, 1952, appellant Virgil Dardi, again acting solely as president of the corporation, extended the period for collection of the taxes by suit or distraint to December 31, 1956. The instant suit was begun against both the corporation and Appellant, individually and as executor of his father's estate, on December 15, 1954. At no time did appellant, either in his capacity as executor or individually, sign a waiver of the statute of limitations within which a suit for the collection of taxes could be brought.

Unless it can be said that the waiver signed as to the corporation extended the time for bringing suit against Virgil Dardi as an individual and as the executor, then the time as to them had run before the instant suit was begun by the government on December 15, 1954. Cf.

United States v. Updike, 1930, 281 U.S. 489, 50 S.Ct. 367, 74 L.Ed. 984. The trial court, relying upon United States v. City of New York, D.C.S.D.N.Y.1955, 134 F.Supp. 374, held that the waiver executed by the transferor corporation tolled the statute as to appellant individually and as executor, and that the instant case was in time as against all.

Appellant admits that the case of United States v. City of New York, supra, is against his contention but argues that it was wrongly decided. We do not agree and feel, as did the trial court in passing on a motion for judgment on the pleadings, that "the reasoning of which case [United States v. City of New York] appears to the court to be sound," and this Court being so persuaded also on authority of United States v. City of New York affirms the judgment.

Judgment affirmed.