## COMMISSIONER OF INTERNAL REVENUE v. LEASING & BUILDING CO.

### No. 5613.

Circuit Court of Appeals, Sixth Circuit.
Jan. 16, 1931.

J. H. McElvers, of Washington, D. C. (G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and C. M. Charest, both of Washington, D. C., on the brief), for petitioner.

Henry J. Richardson, of Washington, D. C. (L. L. Campbell, of Cleveland, Ohio, on the brief), for respondent.

Before DENISON, HICKS, and HICKENLOOPER, Circuit Judges.

HICKS, Circuit Judge.

Petition for review of a decision of the Board of Tax Appeals. Respondent, a corporation, on June 12, 1919, filed a return for 1918. This return disclosed no tax, and none was assessed for 1918. On March 15, 1920, it filed a return for the year 1919. Upon this return an original assessment of $463.74, and later an additional assessment of $258.39, was made and collected. It is not insisted that either of these returns was false or fraudulent. They were both filed upon the basis that the respondent's annual accounting period was the calendar year. This was in accordance with Revenue Act of 1918, c. 18, §§ 200 and 212 (b), 40 Stat. 1057, 1058, 1064. Subsequently the Commissioner determined that respondent's return for 1919 should have been on the basis of a fiscal year ending October 31, 1919, and on November 25, 1924, the Commissioner, having in view an additional assessment for the fiscal year 1919 to be made without undue haste, forwarded to respondent a form of waiver for its execution within ten days. This waiver was executed and mailed to the Commissioner on November 29, 1924. Such of it as is material is set out in the margin.[1] We have italicized certain portions thereof.

On February 26, 1926, the Commissioner made an additional assessment against respondent for the fiscal year ending October 31, 1919, of $25,875.96. Of this amount respondent denies liability for $3,689.20, which is two-twelfths of the tax for the fiscal year 1919 computed at 1918 rates. Its defense is that its 1918 return was filed June 12, 1919, that the limitation period of five years (Revenue Act 1918, c. 18, § 250(d), 40 Stat. 1083) expired June 12, 1924, and that the Commissioner was therefore without power to make the assessment on February 26, 1926. The response of the Commissioner is that, when it appeared that the return for the year 1919 should have been upon a fiscal year basis ending October 31, 1919, he then had a right to regard the 1918 return upon a calendar year basis as a return for 1919 upon the fiscal year basis, in so far as it related to the months of November and December, 1918, and to regard the return for 1919 as on a fiscal year basis so far as it relates to the first ten months of the year and as complementary to the 1918 return; that the return for 1919 thus regarded was not filed until March 15, 1920; that the limitation period extended by the waiver would not expire until March 15, 1926, which was beyond the assessment date, February 26, 1926.

 Paso Robles Mercantile Co. v. Com'r, 33 F.(2d) 653 (C. C. A. 9), sustains the Commissioner's contention. We do not feel called upon to here pass upon the question there decided, but, assuming the correctness of the Paso Robles decision, the Commissioner never made the assessment upon such fiscal year basis until February 26, 1926, and the bar of the statute had fallen, even upon the Commissioner's contention, unless the assessment

[1] "In pursuance of the provisions of existing Internal Revenue Laws, The Leasing and Building Company, a taxpayer of 1760 East 12th Street, Cleveland, Ohio, and the Commissioner of Internal Revenue, *hereby consent to extend the period prescribed by law for a determination, assessment, and collection of the amount of income, excess-profits, or war-profits taxes due under any return made by or on behalf of said taxpayer for the year 1919* under the Revenue Act of 1924, or under prior income, excess-profits, or war-profits tax Acts, or under section 38 of the Act entitled 'An Act to provide revenue, equalize duties and encourage the industries of the United States, and for other purposes,' approved August 5, 1909. This waiver is in effect from the date it is signed by the taxpayer and will remain in effect for a period of one year after the expiration of the statutory period of limitation within which assessments of taxes may be made for the year or years mentioned, or the statutory period of limitation as extended by section 277 (b) of the Revenue Act of 1924 or by any waivers already on file with Bureau."

**4**

and collection period had been extended for one year from March 15, 1925, by virtue of the waiver of November 29, 1924; so that the crux of this case is the interpretation to be given the waiver. Assuming that he was justified in regarding so much of the respondent's 1918 and 1919 calendar year returns indicated as being in substance a 1919 fiscal year return, the Commissioner insists that the waiver which was for the determination, assessment, and collection of taxes "for the year 1919" must be regarded as intended for the fiscal year 1919 ending October 31st. The Board of Tax Appeals held that the language of the waiver was too uncertain to carry such construction. We think the Board was right. The phrase "the year 1919," standing alone, would be ambiguous. It might refer to either the calendar year or the fiscal year, but the expression "taxes due under any return made by or on behalf of said taxpayer for the year 1919," considered in the light of previous governmental administration, is not difficult of comprehension. It is a reference to taxes due under a specific return made by respondent on March 15, 1920, on Form 1120, the form for corporation income tax returns for a calendar year. It is stipulated that this return was on the basis of the calendar year 1919, and it was in fact the only return made by respondent for that year. The waiver consents to an extension of the time for the determination, assessment, and collection of the taxes due under that return. There is no room for doubt that the parties understood the return when it was made. It was then a return for the calendar year 1919. "Words express whatever meaning convention has attached to them. * * *" Trimble v. Seattle, 231 U. S. 683, 688, 34 S. Ct. 218, 219, 58 L. Ed. 435. The canon of contemporaneous construction must apply even to the government. Simpson v. U. S., 199 U. S. 397, 400, 26 S. Ct. 54, 50 L. Ed. 245; Nolte v. Hudson Nav. Co., 16 F.(2d) 182, 184 (C. C. A. 2). The Commissioner wrote the waiver—he originated whatever doubt may exist, and, if the questioned phrase came in 1924 to have a meaning different from that well understood in 1920, he had the burden of establishing it, especially when he insisted upon a construction favorable to himself. The Commissioner insists that the matter is made clear in the correspondence between the parties at the time of the execution of the waiver. Certain portions so indicate, but other portions, together with the waiver itself, weaken the evidential force of these letters. The correspondence read in connection with the waiver tends to confuse rather than clarify.

We cannot conclude that the respondent ever intended to extend the time for the collection of any of the taxes in question, and the decision of the Board of Tax Appeals is therefore affirmed.