## UNITED STATES v. FISCHER.
### No. II.

Circuit Court of Appeals, Second Circuit.
Dec. 6, 1937.

Leo J. Hickey, U. S. Atty., of Brooklyn, N. Y. (Vine H. Smith, Frank J. Parker, and Hyman H. Goldstein, Asst. U. S. Attys., all of Brooklyn, N. Y., of counsel), for the United States.

William J. McArthur, of New York City (Sunshine Ulman, of New York City, of counsel), for defendant.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The plaintiff brought suit against the defendant on March 5, 1934, to recover income taxes for the years 1920 and 1921 due from the estate of Richard F. Fischer, deceased. A summons upon which was indorsed the nature of the action was served upon the defendant on March 26, 1934.

On April 9, 1934, the parties stipulated that defendant might have until May 10th to appear and answer and before that date extended the time to June 8th. On June 6th the defendant filed his appearance with a demand for a copy of the complaint.

Nothing further was done until on March 20, 1936, the cause appeared on the dismissal calendar pursuant to rule 28 of the court. The cause was then continued on motion of the plaintiff to the following October term. On March 26, 1936, plaintiff requested the defendant to answer within ten days. No answer was filed, and on August 21, 1936, an order was obtained requiring the defendant to show cause why the summons, notice of appearance, and any other papers should not be amended by changing the name Dieterich D. Fischer to Dieterich P. Fischer and why the plaintiff should not be permitted to file its complaint. The hearing was continued to September 16th, and in the meantime, on September 10th, the defendant filed a motion to dismiss for want of prosecution under the provisions of the New York Civil Practice Act (section 181). The appeal is from the order granting defendant's motion and denying leave to the plaintiff to file its complaint.

There was to be sure such failure to make this cause ready for trial within a proper time as to do no credit to those in charge of it in behalf of the plaintiff. Apparently it was erroneously thought that a complaint had been filed, and this error was

seemingly shared by the defendant in view of the stipulations extending the time to appear and answer. But though the plaintiff may have been ill-served by the delay, there is nothing to show that the defendant has been prejudiced. He was quite content to let the suit remain as it was until pressed to file an answer and then the motion to dismiss was filed.

Such a motion was addressed to the sound discretion of the court. If the plaintiff apparently had a good cause of action and the defendant had not been prejudiced by the delay in filing the complaint, the exercise of sound discretion required granting the motion for leave to file it. That granted, there would have been no justification for granting the defendant's motion to dismiss.

The court was led to the action it took by the opinion that the plaintiff did not have a cause of action for the reason that suit was barred by the statute of limitations when it was brought. Without stating the details, it may be taken for granted that the statute of limitations would have run before the date of this suit but for a waiver executed by the defendant on January 16, 1932, when he made a compromise offer in settlement of the tax liability. Two assessments had been made, one on March 12th, and one on March 15, 1926. The 1932 waiver extended the statute of limitations "by the period of time (not to exceed two years) elapsed between the date of the filing of this offer and the date on which final action thereon is taken." Final action by rejection was taken on January 10, 1934. Were this waiver controlling, the statute was so extended that this suit was commenced in time.

The court, however, thought the above-mentioned waiver did not control, for the reason that on February 4, 1932, the defendant executed a waiver in respect to part of the tax assessed, and on February 5, 1932, another waiver in respect to the remainder. Both of these waivers extended the time for collection either by distraint "or by a proceeding in court begun at any time prior to December 31, 1933." Believing that these last-mentioned waivers superseded the first one given, the court below came to the conclusion that the suit was barred, and accordingly made the order under review.

We think that in so doing an erroneous conception of the effect of the first

waiver was entertained. The defendant obtained consideration of his compromise offer by agreeing that the statute of limitations should be extended as therein provided. This effectively tolled the statute for the period up to final action on the offer with a two-year limitation. It was not a contract. Aiken v. Burnet, 282 U.S. 277, 51 S.Ct. 148, 75 L.Ed. 339. It was but a voluntary unilateral waiver of a defense. Stange v. United States, 282 U.S. 270, 276, 51 S.Ct. 145, 147, 75 L.Ed. 335. Nor were the subsequent waivers to December 31, 1933, contracts. The extension already in effect was, consequently, not reduced by additional unilateral waivers, since the government relinquished no rights by accepting them. As final action on the offer of compromise was not taken until after the fixed date of the additional waivers had passed, the parties were simply left as they would have been had they not been executed at all.

Since the trial court exercised its discretion in making the order upon the untenable theory that the suit was barred by the statute of limitations when brought and no prejudice to the defendant was made to appear because of the failure to file the complaint, we think there was an abuse of discretion requiring reversal.

Order reversed.