## UNITED STATES v. HAVNER.

### No. 4643.

District Court, S. D. Iowa, Central Division.

Dec. 20, 1937.

E. G. Moon, U. S. Atty., of Ottumwa, Iowa, Cloid I. Level, Asst. U. S. Atty., of Denison, Iowa, and Lester L. Gibson, Sp. Asst. to Atty. Gen.

B. J. Flick, of Des Moines, Iowa, for defendant.

DEWEY, District Judge.

This suit was instituted on September 24, 1936, by the United States of America against H. M. Havner, as a law action seeking to secure a judgment for delinquent taxes duly assessed for the year 1920 and 1923 to 1927, inclusive.

The answer was filed and a motion was made by the defendant to transfer to equity.

On July 7, 1937, the parties stipulated the facts and filed the same with the clerk of this court. Thereafter and on November 30, 1937, the case came on for hearing on a nonjury assignment, and the motion to transfer to equity was sustained. Evidence was introduced and the case submitted on written briefs and arguments, which have all been filed. The court has carefully read and considered all the cases relied upon by the plaintiff and defendant.

## The Facts.

1. The facts are stipulated and, as they are concisely stated and no additional evidence was introduced, these facts are adopted as the facts duly found by the court in this proceeding.

2. From statements made at the trial and upon the record, I find that the commissioner intends, or at least contends, that he has the right to enforce any judgment obtained on this proceedings within the period of limitations for the enforcement of judgments under the laws of Iowa.

## Opinion.

It is necessary to state some of the facts again to understand the legal questions involved.

The following is the tax due for the several years and the date of assessment:

1935, and accompanied by a waiver which provides as follows:

"The proponent hereby expressly waives—

"2. The benefit of any statute of limitations applicable to the assessment and/or collection of the liability sought to be compromised, and agrees to the suspension of the running of the statutory period of limitations on assessment and/or collection for the period during which this offer is pending and for one year thereafter."

The controversy to a great extent centers around the following statute of limitations, being section 276, paragraph (c), of title 26 of the United States Code, 26 U.S.C.A. § 276(c), which is as follows: "Collection after assessment. Where the assessment of any income tax imposed by this chapter has been made within the period of limitation properly applicable thereto, such

| Year | Tax | Interest Assessed | Total | Date of Assessment |
|---|---|---|---|---|
| 1920 | $5,514.57 | $1,299.55 | $6,814.12 | February 8, 1930. |
| 1923 | 1,633.25 | 716.14 | 2,349.39 | November 21, 1931. |
| 1924 | 1,806.37 | 468.94 | 2,275.31 | July 13, 1929. |
| 1925 | 1,025.42 | 204.68 | 1,230.10 | July 13, 1929. |
| 1926 | 799.71 | 111.64 | 911.35 | July 13, 1929. |
| 1927 | 279.63 | 33.88 | 313.51 | March 22, 1930. |

After the assessments were made, as above, there were three offers of compromise submitted and three waivers of the statute of limitations signed by the defendant; one offer of compromise was made on December 17, 1931, rejected June 27, 1932. The waiver contained the following statement:

"The taxpayer hereby expressly waives—

"2. The benefit of any statute of limitations affecting the collection of the liability sought to be compromised, and in the event of the rejection of the offer, expressly consents to the extension of any statute of limitations affecting the collection of the liability sought to be compromised by the period of time (not to exceed two years) elapsed between the date of the filing of this offer and the date on which final action thereon is taken."

On January 31, 1933, the defendant submitted another offer, rejected August 4, 1933, and the waiver accompanying this compromise offer contained the identical language set forth above.

Another offer of compromise was made on February 16, 1935, rejected on April 19,

tax may be collected by distraint or by a proceeding in court, but only if begun (1) within six years after the assessment of the tax, or (2) prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the taxpayer before the expiration of such six-year period. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon."

Disregarding the question of waivers, the statutory period for the collection of the 1920 tax expired February 8, 1936; for the 1923 tax, November 21, 1937; for the 1924, 1925, and 1926 taxes, July 13, 1935; and for the 1927 tax, March 22, 1936.

It is apparent that the Congress of the United States in specifically providing for income tax assessment and collection formulated and established a complete code of procedure. General statutes not pertaining thereto are not to be considered. Cook County Nat. Bank v. United States, 107 U.S. 445, 451, 2 S.Ct. 561, 27 L.Ed. 537; Davis v. Elmire Sav. Bank, 161 U.S. 275, 16 S.Ct. 502, 40 L.Ed. 700; Leach v.

**988**

Exchange State Bank, 200 Iowa 185, 203 N.W. 31. Here the bar under the provisions of section 276, supra, is therefore exclusively controlling.

The government contends that, in determining the expiration date of the above statute for the collection of taxes, the periods of extension provided in the three foregoing waivers should be cumulative and that, under the terms of the waivers and said section 276, the period of limitation was extended 2 years, 2 months, and 17 days beyond the basic 6-year limitation provided by section 276. Neither the waivers themselves, the statutes, nor any authorities of the courts, sustain this contention.

The defendant contends that the last waiver contains an agreement that the period of limitation for the enforcement of the collection of the tax should only run within the period contained in that waiver. It must be admitted that the third waiver is not as clear as it might be; but, reading it in connection with the statute, I am clearly of the opinion that it tolled the statute for the period specified in the waiver, which was 14 months and 3 days.

Each waiver is separate and distinct in and of itself. The first waiver tolled the statute for 6 months and 10 days, the second waiver tolled the statute for 6 months and 4 days, while the last one tolled the statute 14 months and 3 days. Helvering v. Ethel D. Co., 63 App.D.C. 157, 70 F.2d 761, 762.

Plaintiff in this connection relies upon the case of United States v. Fischer, 93 F.2d 488, decided by the Circuit Court of Appeals for the Second Circuit on December 6, 1937, but I am unable to find any support for plaintiff's contention in this case but rather that it substantiates the idea that each waiver is separate and distinct and is not affected by the others unless so expressed.

The statute of limitations then became or becomes a bar to any distraint or proceedings in court for the collection of the tax, as follows:

The 1920 tax, declared upon in count 1 of the petition, barred on April 11, 1937.

The 1923 tax, declared upon in count 2 of the petition, barred January 24, 1938.

The 1924, 1925, and 1926 taxes, declared upon in counts 3, 4, and 5 of the petition, barred September 16, 1936.

The 1927 tax, declared upon in count 6 of the petition, barred May 25, 1937.

Suit was started for the recovery of a judgment on September 24, 1936, and the United States cannot recover on counts 3, 4, and 5 of its petition.

It is also apparent that, while the proceedings in court were begun before the bar of the statute for the 1920 and 1927 taxes, the bar became in force prior to the entering of any judgment in this case.

I find little support for defendant's contention that because the Commissioner of Internal Revenue had made the efforts as set out in the stipulation of facts to collect the tax that the government should be estopped from further attempting to collect the tax by a suit to procure a judgment in this court. Under the general taxation statutes the Commissioner of Internal Revenue had several weapons that might be used by him in attempting to enforce the collection of taxes and the fact that he had used some of them lends no support to a reasoning that he was deprived from using other lawful means for the collection.

Neither do I find any support for the claim that, as the assessment itself and the means of enforcing collection are as available to the commissioner as would be a judgment, the judgment adds nothing to the means already available without it, and that this would preclude the commissioner from bringing a suit for the enforcement of the collection of the tax, if he cared to do so. The above statute, section 276, tit. 26, U.S.C., expressly says that collection may be made "by distraint or by a proceeding in court." The bringing of a suit for the collection of the tax within the statutory period is a matter for the determination of the commissioner and not for the defendant.

Nor do I find any comfort for the defendant in the provision of the above statute that it applies only when made "within the statutory period of limitation properly applicable thereto." United States v. Updike, 281 U.S. 489, 50 S.Ct. 367, 369, 74 L.Ed. 984. This limitation has to do with the question of the making of the assessment and is not applicable to the issues raised in this suit.

The defendant however seriously contends that to permit a judgment to be entered against him for the taxes in this case would be an unlawful enlargement of

the statute of limitations above referred to an section 276, as it would permit a continuous attempt for collection of the tax for a period only limited by the statute of limitations as to judgments, which under the laws of the state of Iowa would be a 20-year period after suit is brought on the judgment. It is for relief from this situation which in effect is pleaded by the defendant in division 7 of his answer and wherein he asks for relief by injunction and "for such other and further relief as the defendant shall show himself entitled to receive."

As we have heretofore held, the federal statutes for the enforcement of collection of the income taxes, including the above statute of limitations, are all-inclusive, and cannot be affected by general statutes, and the defendant is therefore entitled to have some protection as against the enforcement of a judgment after the expiration of the statute of limitations for the collection of taxes and such judgments as are here entered for the taxes due for the years 1920, 1923, and 1927 should be accompanied by an order to the effect that no proceedings should be had in this court for the enforcement of any judgment and the collection of such tax after the expiration of the period of the statute of limitations.

To allow an indefinite time for proceedings to collect the tax would be out of harmony with the obvious policy of the act to promote repose by fixing a definite period after assessment within which suits and proceedings for the collection of the tax must be brought. United States v. Updike, supra, 281 U.S. 489, at pages 495, 496, 50 S. Ct. 367, 369, 74 L.Ed. 984. And in Bowers v. New York & Albany Lighterage Co., 273 U.S. 346, 351, 47 S.Ct. 389, 391, 71 L. Ed. 676, the Supreme Court says that the word "proceedings," in a similar statute, "is rightly used as descriptive of *steps* taken for the distraint and sale of property to enforce payment of taxes." And following this case, Judge McDermott in Commissioner v. Wilson, 10 Cir., 60 F.2d 501, 503, construing the limitation statute on assessments, says: "The purpose of the limitations statute was to fix a time beyond which steps to enforce collection of a tax might not be initiated. Congress intended that when the period of limitation had run, the taxpayer should no longer be subject to uncertainty as to his liability to the government. It is a statute of repose, and subject to the rule 'which requires taxing acts, including provisions of limita-

tion embodied therein, to be construed liberally in favor of the taxpayer.' (Citing cases)."

 It might well be argued from these decisions that the taking of a judgment under counts 1 and 6 of the petition would be a *step* in the proceedings in court for the collection of the tax; but it seems to me that the statute permits proceedings for the collection of taxes which are begun prior to the expiration of the statute of limitations to be completed. But I am also well satisfied that a proceeding in court for the collection of a tax cannot include any proceedings on the judgment which are not begun before the bar of the statute, as any action on the judgment would be a new proceeding.

The collection of the taxes declared upon in counts 1 and 6 is barred at this date from any further proceedings in court, and the defendant is equitably entitled to protection against present or future annoyances from proceedings thereunder barred by the statute, and also from such proceedings on any judgment that may be obtained after the bar of the statute.