## UNITED STATES v. HAVNER.*

### No. 11257.

Circuit Court of Appeals, Eighth Circuit.

Jan. 31, 1939.

Louise Foster, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., Sewall Key, J. Louis Monarch, and Lester L. Gibson, Sp. Assts. to Atty. Gen., E. G. Moon,

*Rehearing denied March 16, 1939.

U. S. Atty., of Des Moines, Iowa, and C. I. Level, Asst. U. S. Atty., of Denison, Iowa, on the brief), for appellant.

B. J. Flick, of Des Moines, Iowa, for appellee.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

The Government, on September 24, 1936, brought this action at law to recover unpaid income taxes for the year 1920 and the years 1923 to 1927, inclusive, assessed against H. M. Havner. After the case was at issue, it was, on motion of the taxpayer, transferred to the equity docket. It was tried to the court upon a stipulation of facts on November 30, 1937. The amounts and the validity of the assessments were not challenged, and the only controversy was as to whether their collection was barred by the applicable statute of limitations. The court reached the conclusion that the 1920 tax was barred on April 11, 1937; that the 1923 tax was barred on January 24, 1938; that the 1924, 1925 and 1926 taxes were barred on September 16, 1936, and that the 1927 tax was barred on May 25, 1937. A decree was entered on December 18, 1937, providing as follows:

"It is Ordered, Adjudged and Decreed, as follows:

"That plaintiff have judgment against the defendant on Count 1 of its petition for the sum of $12,294.07 as of November 30, 1937; but that no proceedings shall be had in this court for the enforcement of this judgment.

"That the plaintiff have judgment against the defendant on Count 2 of its petition for the sum of $3,707.24, as of November 30, 1937; but that no proceedings shall be had in this court for the enforcement of this judgment from and after the 24th day of January, 1938.

"That plaintiff have judgment against the defendant on Count 6 of its petition for the sum of $458.13, as of November 30, 1937; but that no proceedings shall be had in this court for the enforcement of this judgment.

"That counts 3, 4 and 5 of plaintiff's petition are dismissed."

The effect of this decree was to give the Government unenforceable judgments for the taxes for the years 1920 and 1927, and a judgment for the taxes for 1923 unenforceable after January 24, 1938, and to dismiss the Government's petition as to the taxes for other years. The Government has appealed.

Stated briefly, the facts of this case are as follows: The taxes in suit were all assessed between July 13, 1929, and November 21, 1931. On December 17, 1931, the taxpayer submitted to the Government an offer in compromise of all of the assessments, which offer contained a waiver of the statute of limitations reading as follows:

"* * * the taxpayer hereby expressly waives—

*    *    *    *    *    *

"2. The benefit of any statute of limitations affecting the collection of the liability sought to be compromised, and in the event of the rejection of the offer, expressly consents to the extension of any statute of limitations affecting the collection or the liability sought to be compromised by the period of time (not to exceed two years) elapsed between the date of the filing of this offer and the date on which final action thereon is taken."

This offer in compromise was rejected on June 27, 1932. On January 31, 1933, the taxpayer made another offer in compromise containing a similar waiver. This offer was rejected on August 4, 1933. On February 16, 1935, the taxpayer submitted a third offer in compromise which contained a waiver reading as follows:

"* * * the proponent hereby expressly waives:

*    *    *    *    *    *

"2. The benefit of any statute of limitations applicable to the assessment and/or collection of the liability sought to be compromised, and agrees to the suspension of the running of the statutory period of limitations on assessment and/or collection for the period during which this offer is pending and for one year thereafter."

This offer was rejected on April 19, 1935.

The applicable statute of limitations is § 276(c) of Title 26, U.S.C., 26 U.S.C.A. § 276(c), which reads as follows:

"(c)  *Collection   after   assessment.* Where the assessment of any income tax imposed by this chapter has been made

within the period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court, but only if begun (1) within six years after the assessment of the tax, or (2) prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the taxpayer before the expiration of such six-year period. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon."

All of the waivers here involved were made before the expiration of the six-year period, and their validity is not challenged.

The Government contends that the effect of the three separate waivers was cumulative and served to extend the six-year period for the collection of the taxes by two years, two months, and seventeen days; the first waiver tolling the statute for six months and ten days; the second, for six months and four days; and the third, for fourteen months and three days.

The taxpayer, on the other hand, contends that the first and second waivers cannot be considered as having tolled the statute, because they were superseded by the third waiver which extended the period of limitation for fourteen months and three days beyond the six-year period.

The court below was of the opinion that the period of limitation was extended by the third waiver for the period of fourteen months and three days, and that the first and second waivers were superseded by the third. D.C., 21 F.Supp. 985. If the court was correct in that regard, the collection of the taxes for all of the years except 1920, 1923 and 1927 was barred when this action was begun. If the contention of the Government is correct that the statute of limitations was tolled during the three periods when the three offers of compromise were under submission and consideration, then the action was commenced in time.

We think that the Government's contention must be sustained. The purpose of giving a waiver in connection with an offer in compromise is to enable the Government to consider the offer without suffering prejudice because of the running of the statute of limitations against collection of the tax while the offer is being consid-

ered. The taxpayer, in submitting such an offer and waiver, in effect requests the Government to withhold attempts to collect the tax while the offer is pending, and, in consideration of this forbearance on the part of the Government, consents to forego the benefit of having the statute of limitations run while his offer of settlement is pending. United States v. Fischer, 2 Cir., 93 F.2d 488, 489. Compare United States v. John Barth Co., 279 U.S. 370, 376, 49 S.Ct. 366, 73 L.Ed. 743.

This Court, in United States v. Southern Lumber Co., 8 Cir., 51 F.2d 956, 960, said with reference to such waivers:

"It is probable that had there been no waivers the government would have collected its taxes without any question arising as to the statute of limitations. Waivers are of quite general use in the adjustment of federal taxes. They need not be given prior to the expiration of the statutory period of limitation or such period as extended by valid waivers, but at any time with the effect of reviving liability. W. P. Brown & Sons Lumber Co. v. Commissioner of Internal Revenue (C.C.A.) 38 F. (2d) 425; Stange v. United States, 282 U. S. 270, 51 S.Ct. 145, 75 L.Ed. 335; Burnet v. Chicago Ry. Equipment Co., 282 U.S. 295, 51 S.Ct. 137, 75 L.Ed. 349. Their purpose is to give a longer period for the determination of tax liability where the time under the applicable statute of limitations is insufficient. The courts have tried to carry out this purpose, and while holding that the waiver is not a contract, Florsheim Bros. [Drygoods] Co. v. United States, 280 U.S. 453, 50 S.Ct. 215, 74 L.Ed. 542; Stange v. United States, 282 U.S. 270, 51 S.Ct. 145, 75 L.Ed. 335, they have in construing waivers considered the intention of the parties as an important factor. The taxpayer waives the time limitation, and while the signature of the Commissioner of Internal Revenue is required only for administrative purposes, Stange v. United States, 282 U.S. 270, 51 S.Ct. 145, 147, 75 L.Ed. 335; Burnet v. Chicago Ry. Equipment Co., 282 U.S. 295, 51 S.Ct. 137, 75 L.Ed. 349, the government under the waiver gives up its present right to collect, and its intention as well as that of the taxpayer is entitled to consideration."

In construing such waivers, the courts generally give effect to the intention of the taxpayer and of the Government. S. S.

Pierce Co. v. United States, 1 Cir., 93 F. 2d 599; Helvering v. Ethel D. Co., 63 App. D.C. 157, 70 F.2d 761, 762; Commissioner v. Leasing & Building Co., 6 Cir., 46 F. 2d 2, 4; United States v. Fischer, 2 Cir., 93 F.2d 488, 489.

Where successive waivers have been given to the Government by the taxpayer for the purpose of tolling the statute of limitation, it has been held that the parties intended that the statute should be suspended over the entire period covered by such waivers. Brown & Sons Lumber Co. v. Burnet, 282 U.S. 283, 287, 51 S.Ct. 140, 75 L.Ed. 343; Liberty Baking Co. v. Heiner, 3 Cir., 37 F.2d 703, 704; Thiel Service Co. v. Commissioner, 7 Cir., 50 F. 2d 173, 174; Mosier v. Goodcell, D.C., 49 F.2d 391, 392, 393; Crucible Steel Casting Co. v. Commissioner, 7 Cir., 66 F.2d 82.

The taxpayer relies on Helvering v. Ethel D. Co., 63 App.D.C. 157, 70 F.2d 761, 763, 764. In that case the court was called upon to determine the intent of the taxpayer and the Government with respect to an unlimited waiver executed by the taxpayer on April 1, 1925, and a second waiver, executed during the same month, under which the period of suspension of the statute was for a definite time. The court held that the second waiver superseded, and was substituted for, the first.

The case at bar presents an entirely different situation. There is no inconsistency in the waivers given by this taxpayer. It was clearly his intention, and the intention of the Government, that the statute of limitations should be tolled while each of his offers of compromise was under submission. There was no overlapping of waivers, and each waiver was made in connection with a separate offer of compromise. If three waivers providing for different periods of suspension had been given by this taxpayer at or about the same time and in connection with one offer of compromise, an entirely different situation would be presented, and it might well be held in such a situation that the last waiver was the only one which could be given effect.

By giving to each of the waivers filed by this taxpayer its intended effect, this action as to all of the taxes in suit was commenced in ample time. Eight years, two months, and seventeen days from July 13, 1929, the date of the earliest assessment, is September 30, 1937, and, as has already been pointed out, this action was commenced on September 24, 1936. This being so, the Government was entitled to judgment for the taxes due for each of the years in question.

There remains to be considered the contention of the taxpayer that whatever judgments the Government succeeds in obtaining in this action have become unenforceable or will become unenforceable after the expiration of the period of limitation calculated from the time when the taxes were assessed, because it was the intention of Congress, in enacting § 276(c), that no proceedings to collect should be taken after the statutory period had run, regardless of whether the Government had commenced a timely proceeding to reduce the tax liability of the taxpayer to judgment or not. This contention is ingenious, but obviously unsound. The liability of a taxpayer to the Government is a debt and is subject to collection in the same way that other debts are collectible. Price v. United States, 269 U.S. 492, 500, 46 S.Ct. 180, 70 L.Ed. 373, and cases cited. In Bowers v. New York & Albany Lighterage Co., 273 U.S. 346, 47 S.Ct. 389, 71 L.Ed. 676, the Supreme Court, in discussing the question as to whether § 250(d) of the Revenue Act of 1921, 42 Stat. 265—which provided that "no suit or proceeding for the collection of any such taxes due under this Act or under prior income, excess-profits, or war-profits tax Acts * * * shall be begun, after the expiration of five years after the date when such return was filed * * *",—barred collection by distraint proceedings begun after the expiration of the period of limitation, said (page 349, 47 S.Ct. page 390):

"There are two methods to compel payment. One is suit, a judicial proceeding; the other is distraint, an executive proceeding. The word 'proceeding' is aptly and commonly used to comprehend steps taken in pursuit of either. There is nothing in the language or context that indicates an intention to restrict its meaning, or to use 'suit' and 'proceeding' synonymously.

"The purpose of the enactment was to fix a time beyond which *steps to enforce collection* might not be initiated. The repose intended would not be attained if suits only were barred, leaving the collector free at any time to proceed by distraint." (Italics supplied.)

Section 276(c) provides that income taxes "may be collected * * * by a proceeding in court, but only if begun (1) within six years after the assessment of the tax, or (2) prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the taxpayer before the expiration of such six-year period." It is obvious that the sole purpose of this enactment was to fix a time beyond which "steps to enforce collection might not be initiated." It adds nothing to the power of the Government to sue, but places a time limitation upon its right to sue. It is true that such a provision, when contained in a taxing statute, is to be construed liberally in favor of the taxpayer, United States v. Updike, 281 U. S. 489, 496, 50 S.Ct. 367, 74 L.Ed. 984; Bowers v. New York & Albany Lighterage Co., 273 U.S. 346, 349, 47 S.Ct. 389, 71 L. Ed. 676; Old Colony R. Co. v. Commissioner, 284 U.S. 552, 52 S.Ct. 211, 76 L.Ed. 484; Commissioner v. Wilson, 10 Cir., 60 F.2d 501, 503, but, since there is no ambiguity in the language of the section with which we are concerned, there is no room for construction, United States v. Missouri Pac. Ry. Co., 278 U.S. 269, 277, 49 S.Ct. 133, 73 L.Ed. 322; Fleischmann Const. Co., v. United States, 270 U.S. 349, 360, 46 S. Ct. 284, 70 L.Ed. 624; Darby-Lynde Co. v. Alexander, 10 Cir., 51 F.2d 56, 58, certiorari denied 284 U.S. 666, 52 S.Ct. 40, 76 L.Ed. 564; Commissioner v. Wilson, 10 Cir., supra, 60 F.2d 501, 502.

The right to initiate a suit to enforce collection of a tax necessarily implies the right to have its fruits, namely, judgments which are enforceable by execution. No doubt Congress might have provided for a period of limitation beyond which judgments obtained by the Government for taxes should be unenforceable, but, in the absence of any statute providing such a limitation, we think no court has power to restrict the right of the Government to enforce a judgment to which it is lawfully entitled.

It is of no consequence that this action at law was tried as a suit in equity. The facts were agreed to and the case was submitted to the court with the consent of both parties.

The decree appealed from is reversed and the court below is directed to enter judgments in favor of the United States for all of the taxes in suit, with interest and costs.