6. United States v. Dunbar, 2 Cir., 212 F. 2d 654.

**UNITED STATES of America,**
**Plaintiff,**

v.

**J. Robert D. SMITH and Betty Newland Smith, Defendants.**

**Civ. No. 7166.**

United States District Court
N. D. Ohio, W. D.

Nov. 21, 1956.

Sumner Canary, U. S. Atty., Cleveland, Ohio, Clarence M. Condon, Asst. U. S. Atty., Toledo, Ohio, for plaintiff.

Catri & Catri, Sandusky, Ohio, Arnold W. Lungershausen, Detroit, Mich., for defendants.

KLOEB, District Judge.

This matter was submitted to the Court on the complaint filed April 27, 1954, the answer of defendant J. Robert D. Smith filed September 30, 1954, the stipulations filed May 5, 1955, and the briefs of plaintiff and the defendant J. Robert D. Smith.

This action was instituted by the United States of America at the request of the Commissioner of Internal Revenue for the collection of internal revenue taxes, penalties and interest due and unpaid by defendant J. Robert D. Smith. The taxes involved were for the years 1942 and 1943 and the remaining taxes, penalties and interest due and unpaid amount to the sum of $38,361.66, plus accrued interest thereon.

It appears that assessment lists covering the unpaid taxes for the years 1942 and 1943 were received by the Collector of Internal Revenue on January 27, 1947, and, on the same date, notices and demands for payment were issued to the defendant J. Robert D. Smith; that, on January 29, 1947, a notice of tax lien was filed with the Clerk of Courts for the Northern District of Ohio, Western Division, and, on January 31, 1947, a notice of the tax lien was filed with the Recorder of Lucas County, Ohio.

It thus appears that, from January 27, 1947, to the date of the filing of the complaint herein, to wit, April 27, 1954, there elapsed a period of seven years and three months. Under the provisions of Section 276(c) of the Internal Revenue Code of 1939, 26 U.S.C.A., the collection by a proceeding in court may be begun only within a period of six years after the assessment of the tax.

On April 9, 1947, an offer in compromise, executed by defendant J. Robert D. Smith on Treasury Form 656, was filed with the Collector of Internal Revenue, and this offer in compromise contained the following provision:

"In making this offer, and as a part consideration thereof, * * * the proponent hereby expressly waives:

\* \* \* \* \* \*

"2. The benefit of any statute of limitations applicable to the assessment and/or collection of the liability sought to be compromised, and agrees to the suspension of the running of the statutory period of limitations on assessment and/or collection for the period during which this offer is pending, * * *, and for one year thereafter."

On July 16, 1947, the Commissioner of Internal Revenue by letter notified the defendant J. Robert D. Smith that the offer in compromise had been rejected.

Taking into consideration the period of three months and seven days that the offer in compromise was considered and one year thereafter as conditioned in the waiver, and adding thereto the six year period of limitations, it appears that by virtue of the waiver the total period of limitation was extended to seven years, three months and seven days. The complaint having been filed on April 27, 1954, the action was commenced within a period of seven years and three months after the assessment of the tax.

It is the contention of defendant J. Robert D. Smith that the offer in compromise submitted by the defendant was not received and considered by plaintiff as a "real offer" and that, therefore, the waiver contained in the offer did not operate to suspend or toll the normal running of the statute of limitations on the assessments involved in this action and that, therefore, this action was not timely brought by plaintiff. Defendant contends that the day following the Commis-

sioner's receipt of the offer in compromise he was indicted for income tax evasion and, subsequently thereto, for perjury; that he, the defendant, had no advantage of the waiver in the offer in compromise filed by him because plaintiff gave the offer no consideration other than to reject it.

The first question, therefore, presented to the Court is whether the waiver contained in the offer in compromise extended the statute for the period specified in the waiver.

We are of the opinion that the waiver herein executed was effective to suspend the running of the statutory period, and that the criminal prosecution initiated by plaintiff was a matter separate and apart from the civil liability which is the subject matter of this suit. We have examined and rely upon United States v. Havner, 8 Cir., 101 F.2d 161; United States v. Bank of Commerce & Trust Co., 6 Cir., 124 F.2d 187, affirming D.C.W.D. Tenn., 32 F.Supp. 942; United States v. Dickerson, D.C.E.D.Mo., 101 F.Supp. 262; and Helvering v. Mitchell, 303 U.S. 391, 397, 58 S.Ct. 630, 82 L.Ed. 917.

The second question presented is whether the tax lien of plaintiff is enforceable against the real property inherited by defendant J. Robert D. Smith after these taxes were assessed.

It appears that defendant J. Robert D. Smith, as the son and sole heir of Jane L. Dowds, who died in September, 1949, acquired through inheritance the real property described in paragraph 8 of the stipulation and this property was transferred to him on May 9, 1950, and, on May 11, 1950, by deed of that date, and recorded October 13, 1952, he conveyed to defendant Betty Newland Smith all of this real property.

██ There can be no question but that the tax lien attaches to after-acquired property as well as that owned at the time the lien arises. Glass City Bank of Jeannette v. U. S., 326 U.S. 265, 66 S.Ct. 108, 90 L.Ed. 56. We are of the opinion, therefore, that the tax lien is enforceable against the real property inherited by defendant J. Robert D. Smith after the taxes in question were assessed.

We conclude that this action was timely filed and that plaintiff is entitled to judgment against defendant J. Robert D. Smith in the sum of $38,361.66, plus accrued interest thereon, and that plaintiff is entitled to have its lien enforced against the inherited real estate as a first and prior lien thereon.

Findings of fact and conclusions of law drawn in accordance with this memorandum may be prepared by plaintiff and lodged with the Court within 15 days. Defendant may within 10 days thereafter file his exceptions or suggested additions thereto.