UNITED STATES of America,
Plaintiff,

v.

Abe PLISCO, a/k/a JewBoy Dietz, Willie Dietz and James Dean, Defendant.

Civ. A. No. 887–58.

United States District Court
District of Columbia.

July 18, 1958.

Charles K. Rice, Asst. Atty. Gen., and Richard M. Roberts and Stanley F. Krysa, Attorneys, Tax Division, Department of Justice, and Oliver Gasch, U. S. Atty., and Edward P. Troxell, E. Riley Casey and John F. Doyle, Asst. U. S. Attys., Washington, D. C., for plaintiff.

H. Clifford Allder, Washington, D. C., for defendant.

MORRIS, District Judge.

This suit was brought by the United States for a judgment for unpaid taxes, penalties and interest, alleged to be due and owing by the defendant for the taxable years 1948, 1949 and 1950.

The defendant has moved to dismiss the complaint, contending that, because his claim for refund, which he made following assessments and collections by administrative distraint proceedings (seizure of two bank accounts and an automobile), is presently under administrative review before the Bureau of Internal Revenue, this action is premature and should not be considered until an administrative determination has been made. He also contends that the Commissioner of Internal Revenue, having made an election that the Government will pursue the above stated remedy, is barred from instituting this action to reduce the assessments sued on to judgment.

As for the contention that this action is premature, I am of the view that the failure to allow the defendant's claim for refund is tantamount to a refusal to allow the same. In any event, the monies which are claimed should be refunded were applied only in part payment of the 1948 taxes and, therefore, could have no application to defendant's tax liabilities for 1949 and 1950.

The statute unquestionably gives the right to the Government to reduce to judgment the tax liabilities of the defendant. Neither the language of the statute nor any authority submitted, or found by the Court, indicates that this right is impaired by the imposition of a jeopardy assessment. On the contrary, the only authority submitted indicates that the imposition of such jeopardy assessment does not preclude the reduction to judgment of such tax liabilities. United States v. Havner, D.C.Iowa, 21 F.Supp. 985, reversed on other grounds, 8 Cir., 101 F.2d 161. The motion of the defendant to dismiss will, therefore, be denied.

Counsel will prepare an appropriate order to carry this decision into effect.