**UNITED STATES of America**
v.
**Norman R. BAKER.**
Civ. No. 10542.

United States District Court
D. Maryland.

Oct. 8, 1958.

Leon H. A. Pierson, U. S. Atty., and Robert E. Cahill, Asst. U. S. Atty., Baltimore, Md., for plaintiff.

H. Clifford Allder, Chevy Chase, Md., for defendant.

THOMSEN, Chief Judge.

Defendant has moved to dismiss this action brought by the United States under 28 U.S.C.A. §§ 1340 and 1345 to reduce to judgment certain assessments of income taxes and excise-wagering taxes, with penalties and interest.

Most of the allegations in the motion to dismiss raise questions of fact which cannot be disposed of on such a motion.

But defendant also contends that the complaint is "unnecessary and duplicitas" (sic), because it shows that notices of liens for the amounts assessed had previously been filed with the Clerk of the Circuit Court, Prince George's County, Upper Marlboro, Maryland. His counsel argues that the government may either file a lien or file an action at law, but not both, and has made its election by filing the liens. This contention is supported neither by reason nor authority.

The complaint alleges that the action is authorized and requested by the Commissioner of Internal Revenue, a delegate of the Secretary of the Treasury, and is brought under the direction of the Attorney General of the United States. 26 U.S.C.A. § 7401. See also sec. 6502 (a), I.R.C.1954, 26 U.S.C.A. 6502(a), formerly sec. 276(c), I.R.C.1939, 26 U.S. C.A. § 276(c). "Under the general taxation statutes the Commissioner of Internal Revenue had several weapons that might be used by him in attempting to enforce the collection of taxes and the fact that he had used some of them lends no support to a reasoning that he was deprived from using other lawful means for the collection." United States v. Havner, D.C.S.D.Iowa, 21 F.Supp. 985, 988, reversed on other grounds, 8 Cir., 101 F.2d 161. See also opinion in United States v. Plisco, D.C., 166 F.Supp. 414.

The motion is hereby denied.