UNITED STATES of America

v.

Harry J. TYRRELL.

Civ. A. No. P–2561.

United States District Court
S. D. Illinois, N. D.

June 21, 1963.

---

Edward R. Phelps, U. S. Atty., Leon C. Scroggins, Asst. U. S. Atty., Springfield, Ill., for the Government.

Roger Joslin, Davis, Morgan & Witherell, Peoria, Ill., for defendant.

MERCER, Chief Judge.

This suit arose upon a complaint by the United States for collection of income taxes assessed against defendant for the taxable years 1939, 1940 and 1942 to 1947, inclusive, together with penalties and interest, in the aggregate sum of $115,281.32. Defendant answered, admitting the assessment of the taxes, denying other material allegations of the demand and asserting, as a defense to the complaint, that this suit is barred by the six-year statute of limitations included in the Internal Revenue Code of 1939, 26 U.S.C. 1952 Ed. § 276(c).[1]

## FINDINGS OF FACT

1. The assessment of income taxes for 1939 which is included in the pending complaint was made by the District Director of Internal Revenue on July 23, 1953.

2. The assessments of income taxes for the years 1940 and 1942 to 1947, inclusive, which are included in the pending complaint were made by the District Director on July 24, 1953.

3. On February 27, 1956, defendant submitted to the District Director his offer in compromise on Treasury Form 656 in which, *inter alia*, he agreed to the suspension of the running of the statute of limitations applicable to the collection of all of the assessed taxes during the period of the pendency of the offer and for one year after final action upon the offer had been taken by the District Director.[2]

4. The offer in compromise was rejected by the District Director on June 12, 1958.

5. The pending complaint against defendant was filed by the United States on November 8, 1962.

---

1. "(c) *Collection after assessment.* Where the assessment of any income tax imposed by this chapter has been made within the period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court, but only if begun (1) within six years after the assessment of the tax, or (2) prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the taxpayer before the expiration of such six-year period. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon." 26 U.S.C. 1952 Ed. § 276(c).

2. The offer provided, in part:
   "In making this offer, and as part consideration thereof, * * * the proponent hereby expressly waives:
   *　　*　　*　　*
   "2. The benefit of any statute of limitation applicable to the assessment and/or collection of the liability sought to be compromised, and agrees to the suspension of the running of the statutory period of limitations on assessment and/or collection for the period during which this offer is pending, or the period during which any installment remains unpaid, and for 1 year thereafter."

## CONCLUSIONS OF LAW

1. The court has jurisdiction of the parties and the subject matter.

2. Under the provisions of Section 276(c) of the Internal Revenue Code of 1939, the United States may lawfully enforce the assessment for calendar 1939 only if a proceeding for collection thereof were commenced within six years after July 23, 1953, excluding from the computation of the statutory period any time during which the running of the statute may have been suspended.

3. The statute of limitations upon collection of the assessment for 1939 began to run on July 24, 1953. As it relates to the assessment for 1939, the agreement contained in defendant's compromise offer suspended the running of the statute of limitations from February 27, 1956, to June 12, 1959, both dates inclusive.

4. Excluding the date of assessment, two years and 218 days of the limitation period for collection of the 1939 assessment had elapsed before the offer in compromise was made on February 27, 1956, leaving three years and 147 days of the statutory period unexpired.

5. Excluding the final day of the suspension of the statute, namely, June 12, 1959, from the computation, the remaining three years and 147 days of the six-years statutory period expired on November 6, 1962.[3]

6. The complaint for collection of the 1939 assessment is barred by the limitation provisions of Section 276(c) of the 1939 Code.

7. Under the provisions of Section 276(c) of the 1939 Code, the United States may lawfully enforce the assessments for 1940 and 1942 to 1947, inclusive, only if a proceeding for collection thereof were commenced within six years after July 24, 1953, excluding from the computation of the statutory period any time during which the running of the statute may have been suspended.

8. The statute of limitations upon collection of the assessments for 1940 and 1942 to 1947, inclusive, began to run on July 25, 1953.

9. As it relates to the assessment for 1940 and 1942 to 1947, inclusive, the agreement contained in defendant's compromise offer suspended the running of the statute of limitations from February

---

3. Computation of expired time:

a. From date of assessment, July 23, 1953, to date of offer in compromise, February 27, 1956:

| | | |
|---|---|---|
| July 23, 1953, to and including July 23, 1955 | 2 years | |
| July 23 to July 31, 1955 | | 8 days |
| August | | 31 " |
| September | | 30 " |
| October | | 31 " |
| November | | 30 " |
| December | | 31 " |
| January, 1956 | | 31 " |
| February, to date of offer | | 26 " |
| Total expired time: | | 2 years 218 days |

b. From final day of suspension of the statute, June 12, 1959, to November 8, 1962, the date of filing of complaint:

| | | |
|---|---|---|
| June 12, 1959, to and including June 12, 1962 | 3 years | |
| June 12 to June 30, 1962 | | 18 days |
| July | | 31 " |
| August | | 31 " |
| September | | 30 " |
| October | | 31 " |
| November | | 8 " |
| Total expired time: | 3 years | 149 days |

c. Total expired time, period a plus period b     6 years and 2 days

27, 1956, to June 12, 1959, both dates inclusive.

10. Excluding the date of the assessments, two years and 217 days of the limitation period for collection of the assessments for 1940 and 1942 to 1947, inclusive, had elapsed before the offer in compromise was made on February 27, 1956, leaving three years and 148 days of the statutory period unexpired.

11. Excluding the final day of suspension of the statute, namely June 12, 1959, from the computation, the remaining three years and 148 days of the six-years statutory period expired on November 7, 1962.[4]

12. The complaint for collection of the assessments for 1940 and 1942 to 1947, inclusive, is barred by the limitations provision of Section 276(c) of the 1939 Code.

13. Defendant is entitled to judgment in his favor dismissing the complaint and directing the District Director of Internal Revenue to release all liens filed on account of the income tax assessments against defendant for the years 1939, 1940 and 1942 to 1947, inclusive.

In this trial, there is no dispute as to the facts hereinabove found, but only as to the legal significance of those facts.

The parties have submitted divergent formulae for computation of the expiration of the limitation period provided by 276(c).

The government contends that the suspended time, which it computes as three years, three months and fifteen days, must be added to the six years of the statute of limitations, making a total limitations period of nine years, three months and fifteen days. The government argues that the limitations period is properly computed by obtaining a total of the elapsed complete years, the elapsed complete months aggregating less than one year, without regard to the number of days in each of the elapsed months, and the elapsed days less in number than one month. Employing that method of computation, the government fixes the final date of the statutory period of limitations upon the assessments for 1940 and 1942 to 1947, inclusive, as November 9,

4. Computation of expired time:

a. From date of assessment, July 24, 1953, to date of offer in compromise, February 27, 1956:

| | | |
|---|---|---|
| July 24, 1953, to and including July 24, 1955 | 2 years | |
| July 24 to July 31, 1955 | | 7 days |
| August | | 31 " |
| September | | 30 " |
| October | | 31 " |
| November | | 30 " |
| December | | 31 " |
| January, 1956 | | 31 " |
| February, to date of offer | | 26 " |
| Total expired time: | 2 years | 217 days |

b. From final day of suspension of the statute, June 12, 1959, to November 8, 1962, the date of filing of complaint:

| | | |
|---|---|---|
| June 12, 1959 to and including June 12, 1952 | 3 years | |
| June 12 to June 30, 1962 | | 18 days |
| July | | 31 " |
| August | | 31 " |
| September | | 30 " |
| October | | 31 " |
| November | | 8 " |
| Total expired time: | 3 years | 149 days |

c. Total expired time, period a plus period b — 6 years and 1 day

1962, or, one day after the instant complaint was filed.[5]

On the other hand, the defendant argues that the two periods elapsed between July 24, 1953, and February 27, 1956, and between June 12, 1959 and November 8, 1962, must be computed upon the basis of the total of complete years elapsed, plus the total number of days in periods of less than one year's duration to determine whether more than six years had expired on November 8, 1962.

The latter suggested method of computation of the statutory period impresses me as the correct method. The statute is unequivocal. It provides that a suit for collection of an assessed deficiency of income taxes must be commenced not more than six years after the date of the assessment. It is illogical to assume that Congress intended by the provisions of Section 276(c) anything other than a calendar year of 365 days, or, when applicable because of the intervention of leap year, 366 days. The fallacy of the government's argument is that it assumes that months are uniform in length, whereas, in fact, the months of the year vary from 28, or 29 days, to 31 days in length. It is one thing to say that twelve months which follow each the other in their chronological sequence equal one year, and quite another to say that twelve months taken, not in sequence, but, by factual happenstance, out of two or more years equal one year.

United States v. Havner, 8 Cir., 101 F. 2d 161, and the United States v. Glasser, N.D.Ill., June 2, 1960, 6 A.F.T.R. 2d 5001, are cited by the government as supporting its method of computation. However, in each of those cases two or more separate suspensions of the statute were involved and the court was concerned only with the issue whether the suspended time was to be cumulated for the purpose of determining whether the suit was barred by the statute of limitations. In each, the court, concluded that successive suspensions must be cumulated, and, in that context, speaks of an extended statutory period of X years, Y months and Z days. An analysis of those opinions, however, indicates that neither of the courts which decided Havner and Glasser was concerned with the question which is now before me. Thus, in Havner, when the period of suspension of the running of the statute was taken into account, the suit for collection was filed almost one year before the date of the expiration of the statute of limitations. In Glasser, the suit was filed approximately two and three-fourths years before the statute of limitations, as extended by agreed suspensions, would have run.

The decided case which is closest in point to the case at bar is United States v. Bank of Commerce & Trust Company, W.D.Tenn., 32 F.Supp. 942. There, as here, a precise day was of critical importance. In holding that the statute of limitations had not run, the court found that the six year statute of limitations was extended by suspension under an offer in compromise for 176 days while the offer was pending, plus one year after rejection of the offer. When one year and 176 days were added to the six year statutory period, the final date under the statute of limitations was November 4, 1939, or three days after the date of the filing of the complaint there involved.

I hold that where a suspension of the statute intervenes, the expiration date of the limitations provision of Section 276 (c) must be computed by cumulating the number of elapsed days, in excess of complete years, included within the computation period. In other words, where accumulation of days is a factor, a complaint for collection of taxes must be filed not later than five years and 365 days after the date of assessment, excluding from the computation all periods of time in which the statute was suspended. Applying that formula to this case, the de-

---

5. Applied to the assessment for 1939, the formula for which the government argues leads to the conclusion that November 8, 1962, was the final day of the statutory period.

fendant is entitled to judgment as hereinabove found and concluded.

Judgment is ordered in accordance with findings of fact and conclusions of law hereinabove found and stated.